CLARK, RESPONDENT, v. GREAT NORTHERN RAILWAY
COMPANY, APPELLANT.

(No. 2,027.)

(Submitted May 24, 1904.    Decided June 3, 1904.)

*Justices of the Peace—Defaults—Right to Enter—Interposition of Answer—Appeal—Trial in the District Court—Issues Presented.*

1.    Where defendant in a justice's court filed an answer which put in issue the allegations of the complaint, the justice could not enter judgment by default on failure of defendant to appear at the time set for trial.
2.    Where the record of an action before a justice showed that he tried the issues, and entered judgment on the proof adduced by plaintiff, the judgment was not one by default, although the justice's docket recited the notice and entry of defendant's default.
3.    Constitution, Article VIII, Section 23, provides for appeals from justices' courts to the district courts under regulations prescribed by law.   Section 11 provides that the district court shall have appellate jurisdiction in such cases arising in justices' courts as may be prescribed by law.   Code of Civil Procedure, Section 1760, provides the manner of taking an appeal from the justice's court, and Section 1761 provides that on such an appeal the cause must be tried anew in the district court.   *Held*, that only such questions as were raised and presented in the justice's court can be tried on appeal in the district court, and where there was no showing that a motion was made in the justice's court to set aside the judgment and dismiss the cause, but the record showed that the case was tried on issues of fact raised by the answer, it was proper for the district court, on appeal from a judgment for plaintiff, to overrule a motion to dismiss the cause, and to try the issues of fact which had been raised before the justice.
4.    The district court, sitting as an appellate court, is one of limited jurisdiction, and may only proceed in the manner and to the extent provided by law.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by G. Gordon Clark against the Great Northern Railway Company.   From a judgment for plaintiff, defendant appeals.   Affirmed.

*Mr. E. L. Bishop,* for Appellant.

It appears from the justice's docket that on December 12th, the date fixed for the trial, this case was adjourned indefinitely

and without date "at the plaintiff's request owing to the defendant's absence," and nothing further done until December 18th.

Section 1590, Code of Civil Procedure, provides that: "Unless postponed as provided in this chapter (Secs. 1591-1593), or unless transferred to another court, the trial of the action must commence at the expiration of one hour from the time specified in the notice mentioned in Section 1511, and the trial must proceed and there must be no adjournment for more than twenty-four hours at any one time until all the issues therein are disposed of." The absence of the defendant is not one of the causes for which a justice is authorized by statute to postpone the case. "The justice could only do what the statute says he may do. He has no implied power or jurisdiction. He must follow the statutory direction or permission." (*State ex rel. Kenyon* v. *Laurandeau,* 21 Mont. p. 220.) The result of his failure to comply with the statutory mandate was a discontinuance of the suit and a total loss of jurisdiction for all purposes, rendering the judgment void. (*State ex rel. Kenyon* v. *Laurandeau, supra;* 4 Am. & Eng. Ency. Pl. & Pr. pp. 893, 894, 896; *Sullen* v. *George* (Mich.), 31 N. W. 481; *Iowa U. Tel. Co.* v. *Boylan* (Iowa), 52 N. W. 1122; *McKenna* v. *State* (N. J.), 53 Atl. 695; *School Dist.* v. *Thompson,* 5 Minn. 280, and cases cited.)

Section 1660, Code of Civil Procedure, requires a justice to enter in his docket "every adjournment, stating on whose application and *to what time.*" When the justice, on December 12th, adjourned this case without fixing and entering in his docket any definite time to which it was adjourned he lost jurisdiction to further proceed therein, and the case was discontinued and out of court. (*Brown* v. *Kellogg,* 17 Wis. 490, 491; *Brahmstead* v. *Ward,* 44 Wis. 591, approved in *Brosdle* v. *Sanderson,* 57 N. W. 49; *Waldron* v. *Palmer* (Mich.), 62 N. W. 731; *Murray Bros.* v. *Churchill & Co.,* 86 Ill. App. 480; *Lynsky* v. *Pendegrast,* 2 E. D. Smith, 43; *Woodworth* v. *Woolverton,* 24 N. J. Law, 419; *Linninger* v. *Glenn,* 49 N. W. 1128.)

In the district court plaintiff contended that defendant's appeal constituted a general appearance by which it waived the question of jurisdiction and submitted itself to the jurisdiction of that court, relying upon *Gage* v. *Maryatt*, 9 Mont. 265, decided under the provisions of the Compiled Laws, to sustain such contention. An appeal under Section 826, Code of Civil Procedure, Compiled Laws, removed the case into the district court for retrial upon its merits, as if commenced there, there being, as stated by this court in *Missoula E. L. Co.* v. *Morgan*, 13 Mont. p. 396, "no provisions for the district court on such appeal to review certain rulings of the justice of the peace in the course of his adjudication and decision of the case and on the correctness or incorrectness thereof determine the case in the district court." And in *Gage* v. *Maryatt, supra*, this court held, in accordance with the general rule, that a party after invoking the jurisdiction of the district court to try a case anew on the merits, could not object to or deny such jurisdiction, and that no appeal would lie from a default judgment. By the adoption of Section 1761 of the present Code of Civil Procedure a radical change was effected in the very respects which controlled the decision of the court in the last two mentioned cases, providing not only for an appeal on questions of law in all cases, but for a review and rendition of judgment on questions of law in any case where justified by the law and the facts. (*State ex rel. Shanahan* v. *Lindsay*, 22 Mont. p. 400, *et seq.*) Such an enlargement of the remedy by appeal has been uniformly held to amount to a substitution of such remedy for that by *certiorari*, even where the latter remedy was not expressly taken away by statute. (*Craighead* v. *Martin*, 25 Minn. p. 46; *Williams* v. *Bigelow*, 11 How. Pr. 83; *Sperry* v. *Reynolds*, 65 N. Y. 179; *Mattice* v. *Litcherding*, 14 Minn. 142; *Rahilly* v. *Lane*, 15 Minn. 447.)

In Montana the same legislature which gave this enlarged remedy by appeal took away, by Section 1941, Code of Civil Procedure, the remedy by *certiorari* in all cases where an appeal was given, even though the latter remedy was an inadequate

one.  (*State* v. *District Court,* 24 Mont. p. 494; *State ex rel. Reynolds* v. *Laurandeau,* 27 Mont. p. 522.)  This would seem to show conclusively that the intent of the legislature was to substitute the remedy by appeal for that of *certiorari.*  Any other construction would deprive litigants of the right to have the action of justices of the peace in excess of jurisdiction reviewed, which right of review, either by appeal or *certiorari,* exists almost universally elsewhere, and had theretofore existed in Montana by *certiorari.*  (*State* v. *Evans,* 13 Mont. 245.)  For while the jurisdiction of a justice to render judgment was reviewed by this court on *certiorari* in *State ex rel. Kenyon* v. *Laurandeau, supra,* this case was expressly overruled on this point in *State v. District Court,* 24 Mont. 500.

The justice's court having no jurisdiction to try the case and render judgment, it is evident that the district court did not acquire such jurisdiction unless the appeal, on question of law alone, was such a general appearance as to confer the same; but an appeal on questions of law for the purpose of testing the jurisdiction of the court does not have that effect.  (*Miner* v. *Francis,* 3 N. Dak. 549; *Craighead* v. *Martin,* 25 Minn. 44, 45; *Shaw* v. *Moser,* 3 Mich. 71.)

The question of jurisdiction arises in every case, for it is one which presents itself at the threshold and is passed upon by the court in every case by the very act of assuming jurisdiction to act therein.  (*Chadwick* v. *Chadwick,* 6 Mont. 576; *Craighead* v. *Martin,* 25 Minn. 46.)  And inasmuch as the justice's court had lost all jurisdiction of this action, the language of this court in *State ex rel. Shanahan* v. *Lindsay, supra,* "If the case involves a matter over which the justice's court has no jurisdiction, upon appeal it is the duty of the district court to set aside the judgment appealed from and enter a judgment of dismissal," is applicable to this case, and defendant's motion to dismiss should have been granted.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in a justice of the peace court for Silver Bow county by the respondent, who was plaintiff below, to recover for work and labor alleged to have been performed for the defendant railway company. On December 2, 1902, the defendant appeared in the justice court and filed its answer, putting in issue the allegations of the complaint. On December 5th the justice of the peace fixed December 12, 1902, at 2 o'clock p. m., as the time for the trial of the cause, and gave due notice as required by Section 1511 of the Code of Civil Procedure. On December 12th, at the time fixed for the trial, the plaintiff appeared, but the defendant was absent; and at plaintiff's request the justice of the peace continued the cause, but fixed no day to which the adjournment was taken. On December 18th the justice fixed December 22d at 2 o'clock p. m. for the trial of the cause, and gave due notice thereof. On December 22d the plaintiff appeared for trial, but the defendant did not appear. The justice's transcript then contains this recital: "Plff. present with his atty. and deft. not present by attorney or otherwise and not for one hour after the time Decr. 22, 1902, p. m. set for trial. The default of the deft. is on motion of atty. for plff. noted and entered." The court, having heard the evidence on behalf of the plaintiff, entered judgment for $42 and costs. On December 26th the defendant gave notice of appeal to the district court, as follows:

"NOTICE OF APPEAL.

"You will please take notice that the defendant in the above-entitled action hereby appeals to the district court of the Second judicial district, in and for the county of Silver Bow, from the judgment therein made and entered in the said justice court on the 22d day of December, 1902, in favor of said plaintiff and against said defendant, and from the whole thereof. This appeal is taken on questions of law.

"Yours, etc.

"E. L. BISHOP, Attorney for Defendant and Appellant."

In the district court the railway company moved to dismiss the case on the ground that the justice court had lost jurisdiction by its indefinite postponement on December 12th. This motion was overruled, and the defendant declined to appear further in the action. A trial by jury having been previously waived, the court then heard testimony on behalf of the plaintiff, and rendered judgment in his behalf, from which judgment this appeal is prosecuted.

The appellant urges here that the justice of the peace court lost jurisdiction of the cause when it adjourned on December 12, 1902, for an indefinite period—that is, adjourned without specifying or fixing any definite time to which the adjournment was taken, as required by Section 1660 of the Code of Civil Procedure—and that it could not thereafter render or enter any valid judgment against this appellant, and, as the justice court did not have jurisdiction to render a valid judgment, the district court on appeal did not acquire jurisdiction for any purpose except to dismiss the cause altogether.

Assuming for the purposes of this appeal that appellant's contention is correct—that the justice court lost jurisdiction of the cause by its adjournment for an indefinite time—our inquiry here is as to the action of the district court in its treatment of the cause after it had been removed into that court by the appeal from the judgment rendered in the justice of the peace court.

We preface our consideration of the cause by saying, that the justice of the peace could not enter the default of the railway company on December 22d, notwithstanding the justice's docket entry seems to indicate that such was attempted. The defendant had on file an answer which put in issue the allegations of the complaint, and, notwithstanding the entry made by the justice of the peace at the time of the trial, the record does show that the justice tried the issues and entered judgment on the proof adduced by the plaintiff, so that the judgment was in no sense a judgment by default, and could not have been. (*Covart* v.

*Haskins,* 39 Kan. 574, 18 Pac. 522; 9 Ency. Law, 2d Ed., 168, and cases cited; 6 Ency. Pleading &. Practice, 60.)

The notice of appeal filed in the justice of the peace court seeks to limit the inquiry in the district court to questions 'of law only, and in the district court the appellant sought to raise a question of law by its motion to dismiss the case on the ground that the justice of the peace had no jurisdiction to enter the judgment appealed from. This motion was overruled, and this action of the court is the error assigned here.

Section 23, Article VIII, of the Constitution, provides for appeals "from justice's courts, in all cases, to the district courts, in such manner and under such regulations as may be prescribed by law." Section 1760 of the Code of Civil Procedure provides the manner of taking an appeal, and Section 1761 of the same Code provides for the manner and extent of the review which may be had in the district court on such appeal. The district court, sitting as an appellate court, is one of limited jurisdiction, and may only proceed in the manner and to the extent provided by law. (Section 11, Article VIII, Constitution of Montana.) When a cause is transferred on appeal from a justice of the peace court to the district court, it must be tried anew in the district court. (Section 1761, above.) That language is susceptible of only one construction, namely, that only such questions as were raised and presented in the justice of the peace court can be tried in the district court. A question cannot be tried anew which has never been tried or presented for trial, but any question of law or fact which was properly raised and presented in the justice of the peace court can be tried anew in the district court, if properly presented there. Section 1761, above, received careful consideration in *State ex rel. Shanahan* v. *Lindsay,* 22 Mont. 398, 56 Pac. 827, and the construction there given it is conclusive of this appeal. Speaking of that section, the court, among other things, said: "An examination of its provisions shows that the intention of the legislature was that the procedure governing appeals should secure to the appellant a review in the district court of all the questions in the

case which he has properly raised or reserved in the inferior court. All cases appealed must be tried anew, just as they were tried, or should have been tried, in the lower court. If an answer be filed, and a trial of fact had, then, on appeal, there must be a trial on the facts, upon the pleadings filed in the lower court, unless the parties are, upon cause shown, and upon just terms, permitted to file others, or the court orders others to be filed. If a demurrer be filed in the lower court, or a question of law be raised in any other proper way, this may be taken advantage of in the district court."

What issues were raised in the justice of the peace court which could be tried anew in the district court in this instance? The record shows that the only issues were issues of fact raised by the answer. There is no showing that any motion was ever made in the justice of the peace court to set aside the judgment and dismiss the cause. On the contrary, it appears that this motion was first interposed in the district court, and, as that court had before it the record on appeal, showing that the only questions presented in the justice of the peace court were questions of fact, the district court properly overruled the motion to dismiss the cause, and tried the issues of fact which had been raised in the court below.

What is said herein must be limited to the facts presented in this case. The extent of the review which may be had on appeal from a judgment by default or in any appeal where additional pleadings are filed is not considered.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE MILBURN, not having heard the argument, takes no part in the foregoing decision.