FILED

November 19 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0752

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2013 MT 351N

HAROLD and MARY WISE,

       Plaintiffs and Appellees,

  v.

PAM POLEJEWSKI,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 12-266
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Pamela Jo Polejewski, self-represented; Great Falls, Montana

      For Appellees:

          L. Charles Evans, Attorney at Law; Libby, Montana

                Submitted on Briefs:  October 30, 2013
                        Decided:  November 19, 2013

Filed:

                    _____
                                 Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Pam Polejewski (Pam) appeals from an order of the Nineteenth Judicial District Court, Lincoln County, in which the District Court concluded Pam did not have record title to the subject property and was properly removed from the property by the Lincoln County Sheriff. We affirm.

¶3 Harold and Mary Wise (the Wises) entered into a contract for deed with Pam in June 2007. In the contract for deed, Pam agreed to purchase, and the Wises agreed to sell, real property located at 476 Blue Mountain Road, Libby, Montana. Pam and her co-purchaser, Michael Lee Hanson (Michael), failed to make the required payments and to rectify the missed payments within the time allowed. Pursuant to the contract for deed, the Wises had received a grant deed conveying Pam and Michael's interest in the property to them. On August 20, 2012, the deed was recorded by the Lincoln County Clerk and Recorder. On August 24, 2012, the Wises gave Pam written notice that she had thirty days to vacate the premises.

¶4 On September 27, 2012, the Wises' attorney informed Pam that the Wises would file an action for her eviction in justice court if she did not immediately vacate the property. Pam did not vacate the premises, and the Wises accordingly filed a complaint

2

in the justice court on October 1, 2012. Pam filed a counterclaim alleging that she was not in default, and that the Wises were not the lawful owners of the property. Citing § 25-23-16(B), MCA, the justice court dismissed the counterclaim due to Pam's failure to appear at trial. At the time of the trial, Pam had not moved and had "approximately 12 horses, several goats, several pigs and an estimated 40 dogs on the property." On November 1, 2012, the justice court entered judgment in favor of the Wises. Following trial, Pam was removed from the property, and some of her animals were taken into care by Lincoln County.

¶5    Pam appealed the justice court's decision to the District Court, and the District Court heard the matter de novo. On December 5, 2012, the District Court entered its findings of fact and conclusions of law and issued an accompanying order. The District Court determined that record title to the property was vested with the Wises, and that Pam and her animals were properly removed from the property by the Lincoln County Sheriff.[1] Pam then filed an appeal with this Court.

¶6    On appeal, Pam contends jurisdiction in justice court was improper. Pam argues that her due process rights were violated because the District Court failed to consider her counterclaims or motions. Pam maintains that she should have been allowed to argue that the Wises breached the contract, that she qualified for relief from forfeiture because there was asbestos on the property, and that she sustained damages after being exposed to asbestos for six years.

---

[1] In its order, the District Court stated that it would issue a judgment in accord with its order after considering the amount of attorney's fees. That judgment is not contained in the record before us.

¶7     The Wises point out that the appeal to the District Court prompted a de novo trial limited to the propriety of Pam's eviction.  They argue that Pam could not raise arguments in justice court about title, the condition of the property, and whether the Wises dealt with her in good faith, as these were beyond the jurisdiction of the justice court, pursuant to § 25-31-101, MCA.  The Wises further argue that because the justice court could only address the eviction issue, the case on appeal to the District Court was properly limited to review of that single issue.

¶8     The District Court's findings of fact were supported by substantial evidence, and its conclusions of law were correct.  The justice court did not have jurisdiction over Pam's counterclaim but had jurisdiction over the action for unlawful detainer.  *See* § 3-10-302, MCA.  "Justices' courts are of limited jurisdiction, having only such powers as are conferred upon them by statute." *State ex rel. Skrurud v. Dist. Ct.*, 71 Mont. 570, 574, 230 P. 1089, 1090 (1924) (internal citations omitted).  Section 25-31-101, MCA, specifically excludes questions of title or possession of real property from a justice court's jurisdiction.  On appeal, the District Court's review was limited to the eviction issue as that was the only issue over which the justice court had jurisdiction.  *Clark v. Great N. Ry.*, 30 Mont. 458, 464, 76 P. 1003, 1005 (1904) (internal citations omitted) ("When a cause is transferred on appeal from a justice of the peace court to the district court, it must be tried anew in the district court.  That language is susceptible of only one construction, namely, that only such questions as were raised and presented in the justice of the peace court can be tried in the district court.").  The District Court correctly concluded it could not address Pam's arguments about asbestos, good faith, and damages

4

for exposure to asbestos. Its findings of fact and conclusions of law regarding the eviction were supported by the record and were correct.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶10     For the foregoing reasons, we affirm the District Court's decision.


                                                    /S/ PATRICIA COTTER


We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ LAURIE McKINNON