JOSEPH CHAUVIN, appellant, *v.* HENRY G. VALITON, respondent.

CIVIL PRACTICE. — *Granting of new trial discretionary.* — *Held,* in the case at bar, where a judge of the district court had granted a motion for a new trial, and the record showed a conflict of testimony, that the granting of the motion was discretionary with the trial judge.

CONSTITUTIONALITY OF STATUTES. — *Held,* that the constitutionality of statutes should not be passed upon by the court unless it is necessary to do so.

*Appeal from District Court, Silver Bow County.*

WILLIAM H. DE WITT, for the appellant.

Is the license-lien law (Rev. Stats., p. 579, sec. 816) valid and constitutional? Our statute does not go to the extent of a forfeiture, but only to that of a lien, for a specified amount. Such lien upon property " held and used " in the licensed business is good. *Sears* v. *Cottrell,*  ·

5 Mich. 251; *Sheldon* v. *Van Buskirk,* 2 N. Y. 473–478; *Dungan's Appeal,* 68 Pa. St. 204; 8 Am. Rep. 169; Cooley's Const. Law, 479, 480; *Bennett* v. *Hunter,* 9 Wall. 326. The tax list has the force of an execution in the hands of the collector. Burroughs on Taxation, 269. Therefore the treasurer, in the case at bar, was as if he had an execution, which presupposes a judgment by due process of law prior to its issuance. See also Cooley on Taxation, 302, 303, 305, 306, 414; Desty on Taxation, p. 745, sec. 129, p. 759, 760. Also, upon the subject generally, *United States* v. *Distillery,* 2 Abb. 192; *Mc-Gregor* v. *Montgomery,* 4 Pa. St. 237; *Moore* v. *Marsh,* 60 Pa. St. 46; *Henry* v. *Horstick,* 9 Watts, 412; *Smeich* v. *York Co.,* 68 Pa. St. 439; *Atlantic R. R. Co.* v. *Cleino,* 2 Dill. 175; *Isaacs* v. *Decker,* 41 Ind. 410. The motion for a new trial was improperly granted.

McBride & Haldorn, for the respondent.

Conceding, for the sake of the argument, the right of the legislature to enact that the property of one man found on the premises of another who owes a license fee may be seized and sold to collect such fee, must not such seizure and sale be by "due process of law"? "Due process of law," in this connection, means "law in its regular course of administration through courts of justice," — a legal proceeding under direction of a court. Desty on Taxation, 749–752, and cases there cited. There must be a competent tribunal, and it generally implies and includes parties, judge, regular allegations, and a trial according to some settled course of judicial proceedings. *Pennoyer* v. *Neff,* 95 U. S. 714; *Murray's Lessee* v. *Hoboken,* 18 How. 272; *Huber* v. *Reily,* 53 Pa. St. 112. A statute authorizing property "held or used" in prohibited business to be seized or destroyed without judicial investigation is void. *Lowry* v. *Rainwater,* 35 Am. Rep. 420; Cooley's Const. Lim., 362; 4 Mich. 126; Tiedeman on

Limitations of Police Power, 498; 57 Cal. 251; 1 Gray, 1. A forfeiture of property cannot be had until the owner has an opportunity, in some sort of judicial proceeding, to be heard. 57 Cal. 251; 35 Am. Rep. 420; 70 Mo. 152. 11 Mich. 113.

BACH, J. The plaintiff brought this action in the district court, Silver Bow County, to recover the possession of a piano, or the value thereof, which he asserts was unlawfully taken and detained by the defendant. Trial resulted in a verdict for the defendant; the plaintiff moved for a new trial.

Defendant appeals from the order granting the new trial.

The defendant bases his right upon a sale to him of the piano, which sale was had for the purpose of collecting an unpaid license, for which one Harry Osborne was liable, he having been engaged in the retail liquor business in said county, and not having paid his license.

The sale was made by the county treasurer under the provisions of section 816, page 579, of the Revised Statutes, which was the law in force at the time of the sale, and which reads as follows:—

"For the purpose of enforcing the provisions of this chapter, and to prevent an evasion of the same, all property of every kind held or used in any of the trades, occupations, or professions for which a license is required by the provisions of this chapter, shall be liable for said license, and said license is hereby made a lien on all such property, which lien shall have precedence of any other lien, claim, or demand; and if any person or persons shall fail or refuse to procure the license required by this chapter before the transaction of the business specified, it shall be the duty of the treasurer of the county to seize any of the property upon which a lien is hereby created, or any other property belonging to such

person or persons, and sell the same in the manner provided for sheriffs on execution to satisfy said license and costs, and for which said treasurer shall receive a like fee as sheriffs for service of notice and sale on executions, or said treasurer may sue for and collect said license and costs by attachment, garnishment, or otherwise."

The testimony shows that Harry Osborne conducted the retail liquor business upon the ground floor of a building in the city of Butte, and that his wife, Fannie Osborne, had a concert-room in the basement.

It also appears in the testimony that the plaintiff leased the piano to Fannie Osborne, which was, as he claims, to be used by her for the purpose of making the concert-room more attractive; while, on the other hand, the defendant claims that it was understood that the piano was to be used in connection with the saloon business, that it was so in fact used, and that the concert-room itself was but an expedient for increasing the business of the saloon.

This was one of the main issues in the case; in fact, the jury was asked to find a special verdict upon this question: " Was the piano in controversy used and held in the business of Harry Osborne for which the license in evidence became due ?"

The jury found in the affirmative upon this question, and also found the general verdict in defendant's favor; but there was much conflict in the testimony upon this point, and the granting of the motion for a new trial was within the discretion of the judge of the court below, when based upon this ground, and will not be disturbed where there is such conflict, even though a jury may have found a special verdict.

It does not appear upon what ground the new trial was granted, whether because of error in law, or because the evidence was insufficient to justify the verdict; it may have been the latter, and this court will not reverse the

order where a new trial has been granted and the record shows a conflict of testimony.  *Weddle* v. *Stark*, 10 Cal. 302; *Oullahan* v. *Starbuck*, 21 Cal. 414.

In the cases cited, the court refused to express any opinion upon the alleged errors of law. It would seem that such practice works a hardship, for the party who gains the verdict is deprived of the advantage, and is unable to say whether the loss is due to an error in law or lack of evidence. But in the case at bar, most, if not all, of the alleged errors of law are based upon the claim that the statute referred to is unconstitutional in some of its features, if that statute is to be construed to have the meaning given thereto by the court below; and we therefore refuse to pass upon those points, believing, as we do, that the question of the constitutionality of a law should not be passed upon unless it is necessary so to do.

The order appealed from is affirmed.

*Judgment affirmed.*

McCONNELL, C. J., and LIDDELL, J., concur.