## LANDSMAN, RESPONDENT, v. THOMPSON, APPELLANT.

DAMAGES — *Conflicting testimony* — *New trial.* — In an action for damages sustained to a stock of goods, plaintiffs' witnesses placed the damages at from fifteen thousand to twenty-two thousand five hundred dollars. An expert called by the defendant placed them at from fifteen hundred to three thousand dollars, and the defendant who had casually looked through the store for five minutes, placed them at twenty-five dollars. The verdict was for one hundred dollars. The court below, on plaintiffs' motion, granted a new trial, on the ground that there was no evidence to sustain the verdict. *Held,* that the granting of a new trial, where there is a conflict in the testimony, is in the discretion of the trial judge, and will not be disturbed where there is such conflict and there is no abuse of discretion, but that the conflict must be substantial and not shadowy; and where the alleged conflict is utterly unsubstantial and trivial it must be considered that there was none, and the granting of a new trial was not an abuse of discretion on the part of the judge, although he was the successor of the judge who tried the case. (Case of *Chauvin* v. *Valiton,* 7 Mont. 584, affirmed.)

*Appeal from First Judicial District, Lewis and Clarke County.*

The action was tried before McCONNELL, C. J. Defendant appeals from an order by BLAKE, C. J., granting a motion for a new trial.

*McConnell & Clayberg,* for Appellant.

It is universally held that where there is a conflict in the evidence the verdict of the jury will not be disturbed; that it is for the jury and not for the court to pass upon the credibility of witnesses and to determine the weight to be given the evidence. (*Muskegon Nat. Bank* v. *N. W. Mut. Life Ins. Co.* 19 Fed. Rep. 405; *Stutsman* v. *Burlington & S. Ry. Co.* 53 Iowa, 761; *McCann* v. *Meehan*, 53 Wis. 541; *Price* v. *Buck*, 16 Neb. 108; *Scannell* v. *Strahle*, 9 Cal. 177; *Peteril* v. *Bugbee*, 24 Cal. 419; *Smith* v. *Williams*, 22 Ill. 357; *Pullman* v. *Ogle*, 27 Ill. 189; *Chicago & G. W. R. R. Co.* v. *Vosburgh*, 45 Ill. 311; *Edmister* v. *Garrison*, 18 Wis. 623; *Vandoran* v. *Armstrong*, 28 Wis. 236; *Douglass* v. *Tousey*, 2 Wend. 352; 20 Am. Dec. 616 and note; *Merrill* v. *Nightingale*, 39 Wis. 247; *Churchill* v. *Price*, 44 Wis. 546; *State Bank* v. *McGuire*, 14 Ark. 530; *Brooks* v. *Perry*, 23 Ark. 32; *Burlington & Co.* v. *Green*, 22 Iowa, 508; *Fowler* v. *Waldrip*, 10 Ga. 350; *Brooks* v. *Smith*, 21 Ga. 261; *Shanks* v. *Hayes*, 6 Ind. 59; *Hall* v. *Heneline*, 9 Ind. 256; *Newell* v. *Rusk*, 23 Ind. 210; *Patton* v. *Patton*, 5 Marsh. J. J. 389; *Wood* v. *Gibbs*, 35 Miss. 381; *Lisbon* v. *Bath*, 23 N. H. 1; *Easterly* v. *Cole*, 1 Barb. 235; *Clark* v. *Davis*, 7 Tex. 556; *Couch* v. *State*, 24 Tex. 557; *Mitchell* v. *Tolley*, 4 Kan. 177; *Pleak* v. *Chambers*, 7 Mon. B. 565; *Fulkerson* v. *Bowlinger*, 9 Mo. 938; *McDonald* v. *Edgerton*, 5 Barb. 560; *Dart* v. *Farmers' Bank*, 27 Barb. 337.) It will be remembered that this motion was considered and sustained upon the sole ground that the damages were insufficient, or that the evidence was insufficient to sustain such a verdict. In other words, upon the grounds that the jury exercised poor judgment in passing upon the credibility of the witnesses and weighing the testimony. It was not claimed that the jury violated any principle of law, or disregarded the instructions of the court, for this is one of those cases where there are no fixed rules to determine the amount of the damages, and in which the only criterion is the judgment of the jury. As the damages, therefore, were purely a question of fact, the court, by granting a new trial, took upon a power it had no right to assume. It in effect set up its judgment against the judgment of twelve men. (*Duberly* v. *Gunning*, 4 Durn. & E. 651.)

Upon the proposition that the court will not set aside a verdict founded on conflicting evidence, for the reason that it would have drawn a conclusion different from that of the jury, see *Davy* v. *Ætna Life Ins. Co.* 20 Fed. Rep. 494; *Lancaster* v. *Providence & S. S. S. R.* 26 Fed. Rep. 233; *Burton* v. *Philadelphia etc. R. R. Co.* 4 Har. (Del.) 452; *Scarritt* v. *Carruthers*, 29 Ill. 487; *Palmer* v. *Pourtsmouth*, 43 N. H. 265; *Adsit* v. *Wilson*, 7 How. Pr. 528; *Mackey* v. *New York etc. R. R. Co.* 27 Barb. 528; *Stoddard* v. *Long Island R. R. Co.* 5 Sand. 180; *Harris* v. *Halladay*, 5 Miss. 338; *Boyers* v. *Pratt*, 1 Humph. 90; Hayne on New Trials, p. 273 and note.

Where there is no legal measure of damages the court will not disturb the verdict, except for prejudice, passion, or corruption of the jury. (*Worcestor* v. *Proprietors etc.* 16 Pick. 541; *Danville & Co.* v. *Stewart*, 2 Met. [Ky.] 119; *Buachard* v. *Booth*, 4 Wis. 67; *Sexton* v. *Brock*, 15 Ark. 345; *Wells* v. *Sawyer*, 21 Mo. 354; *Barnett* v. *Hicks*, 6 Tex. 352; *Payne* v. *Pacific M. S. S. Co.* 1 Cal. 33; *Aldrich* v. *Palmer*, 24 Cal. 516; *Chicago* v. *Smith*, 48 Ill. 107; *Waters* v. *Bristol*, 26 Conn. 398; *Terre Haute etc. R. R. Co.* v. *Vanneta*, 21 Ill. 188; 74 Am. Dec. 96; *Douglass* v. *Tousey*, 2 Wend. 352; 20 Am. Dec. 616; *Coleman* v. *Southwick*, 9 Johns. 45; 6 Am. Dec. 256; *Neal* v. *Lewis*, 2 Bay, 204; 1 Am. Dec. 640; *Coffin* v. *Coffin*, 4 Mass. 1; 3 Am. Dec. 189; *Merritt* v. *Harper*, 44 N. J. L. 73; *New Orleans etc. R. R.* v. *Hurst*, 36 Miss. 660; 74 Am. Dec. 785; *Berg* v. *Chicago, M. & St. P. R. R. Co.* 50 Wis. 419; *Delie* v. *Chicago & N. W. Ry. Co.* 51 Wis. 401; *Murray* v. *Welts*, 57 Iowa, 26.)

In this case the motion for a new trial was not granted by the judge who presided at the trial, but by the judge who succeeded him on the bench. The jury are the judges of the credibility of the witnesses, and of the weight to be attached to the testimony of each and all of them. In determining upon the credibility of a witness and the force of his testimony the jury weigh in the balance of their judgments his character, his station in life, and above all his demeanor and appearance upon the stand. But take the very testimony of such a witness and place it upon paper, and a person who was not present at the time it was given is obliged to take it as he finds it and give it the same force that he does the evidence of one whom the jury believed,

because of their knowledge of his character and their knowledge of human nature they knew he was speaking the truth.   Spoken evidence is too often belied by the character of the witness and the manner in which it is given to justify a person in judging of its weight merely from the words uttered.

Of course the court who presided at the trial has the same opportunity to pass upon the evidence as the jury, but a judge who did not hear the testimony given, and did not see the person who testified, but must draw his conclusions from the cold words as they appear in the statement upon motion for a new trial, is, we submit, wholly incompetent to determine upon the credibility to be given a witness and the weight to be given his testimony. (*Pashau* v. *Minn. St. Ry. Co.* 30 Fed. Rep. 649; *French* v. *Miller,* 2 Ohio St. 53.)

It is well established that the Supreme Court will control the ruling of the lower court in granting or refusing a new trial, where there has been an abuse of discretion.   The discretion of the inferior court is a legal discretion and not an arbitrary one. (*Churchill* v. *Alpena Circuit Judge,* 56 Mich. 536; *Burdick* v. *Haggart,* Dak. Feb. 1885, 22 N. W. Rep. 589; *Jourdan* v. *Reed,* 1 Iowa, 135; *Rickner* v. *Dixon,* 2 Greene, 587; *Hill* v. *Wilkinson,* 4 Mo. 86; *Phelps* v. *Slack,* 10 Vern. 520; *President and Trustees of Brooklyn* v. *Patchen,* 8 Wend. 47; *Ensign* v. *Harney,* 15 Neb. 330; 48 Am. Rep. 344; *Anderson* v. *Cahill,* 65 Iowa, 252; *Wheeler* v. *Wallace,* 53 Mich. 355; *Scripps* v. *Reilly,* 35 Mich. 386; 24 Am. Rep. 575.)

*Wade, Toole & Wallace,* for Respondent.

Eleven witnesses, most of them disinterested, estimate the damages suffered by the respondent at from fifteen thousand to twenty-two thousand five hundred dollars.   The only testimony in opposition to this was that of the appellant, who placed the damage at twenty-five dollars.   The jury found a verdict in favor of the respondent in the sum of one hundred dollars.   There is, in fact, no conflict in the testimony as to damages, for in view of the other evidence as to the amount of damages, the testimony of the appellant that twenty-five dollars would cover all of the damages sustained by respondents must

be taken as language of passion or prejudice, and worthy of no consideration. Such kind of testimony has not sufficient force to make a conflict. (Hayne on New Trial and Appeal, 865; *Blankman* v. *Vallejo,* 15 Cal. 645.)

The authorities cited by appellant are not applicable to the case in hand. It is apparent to the most casual consideration that a different rule should be applied to a case where a motion for a new trial has been denied by the trial judge, than to a case where a new trial has been granted by a judge who did not try the case. The reason why an appellate court will not disturb an order overruling a motion for a new trial, made by the trial judge, where there is substantial evidence to support the verdict, even though the verdict is apparently against the weight of evidence, is, that the trial judge has seen and heard the witnesses, and has had an opportunity to judge of their credibility and the weight to be given to their testimony. For this reason, the appellate court will not disturb an order overruling a motion for a new trial where there is substantial evidence to support the verdict, and there is no abuse of discretion by the trial judge. The same rule is applied by the appellate court where the trial judge grants the motion for a new trial. (*Chauvin* v. *Valiton,* 7 Mont. 581; *Treadway* v. *Wilder,* 9 Nev. 67; Hayne on New Trial and Appeal, 866.)

But this verdict was set aside, and a motion for a new trial granted by a judge who did not preside at the trial. He did not see or hear the witnesses. He looked upon the record and made his decision. In reviewing such a decision, there is nothing behind that the Supreme Court cannot see. The question is, did the judge, upon the testimony disclosed in the record, abuse his discretion in granting the motion for a new trial? To answer this question, the appellate court simply reviews the testimony as contained in the record.

There can be no abuse of discretion in granting a motion for a new trial, where, as in this case, there is no evidence to support the verdict, and where there is overwhelming and conclusive evidence against it.

DE WITT, J.—The complaint alleges that the plaintiffs were in possession of a building of defendant, which they were occupy-

ing as a store, in which they had a stock of goods of the value of thirty thousand dollars. They were tenants of defendant under a written lease. That, during said occupation, under the lease, defendant undertook some extensive repairs upon the building, involving a change in the front and the roof. It was, however, with plaintiffs' consent that the repairs were made. That in the prosecution of the repairs a portion of the roof and front were remov  !. That this was done so carelessly that, by reason of a sevr  storm of rain then occurring, the stock of goods were damaged to the amount of fifteen thousand dollars. The answer denies the negligence, and alleges due care in the prosecution of the repairs, and that there was no more damage to plaintiffs than was incident to the difficulties of the work; that the damage from the storm mentioned was not as much as one hundred dollars. The case was tried by a jury, and a verdict rendered for the plaintiffs for one hundred dollars. The plaintiffs gave notice of motion for a new trial, specifying several grounds therefor. On the hearing of the motion, however, it appears that the parties agreed that the instructions of the court were correct, and that there was no error of law in any particular. It was further agreed that the only question that should arise was the sufficiency of the damages, and that all other grounds for the motion should be, and were, specifically abandoned. Under these conditions, the assignment of error on which the motion was heard is as follows: "The verdict is unsustained by the evidence in this, to wit, that the jury have found that the plaintiffs were entitled to recover by reason of the negligence of the defendant, and the evidence being clear and unquestioned that the damages of the plaintiffs greatly exceeded the sum found, to wit, one hundred dollars, and that there was no evidence to justify the finding of one hundred dollars damages only by the jury; because, if the plaintiffs were entitled to any damages at all, the strong preponderance of the evidence clearly shows that they were entitled to damages greatly in excess of the sum found by the jury." The motion for new trial was heard and granted by a judge other than the one before whom the case was tried. The defendant appeals from the order granting the motion.

It becomes necessary to examine the evidence adduced on the

trial on the subject of damages. It appears that the value of
the stock of goods was from twenty-five thousand to thirty thou-
sand dollars before the damage occurred. The majority of the
witnesses, in estimating the damages, figure by a percentage of
the value. The plaintiffs, Landsman and Cohen, describe the
catastrophe in detail. They each testify as to a long experience
in the handling and dealing in such stocks. They were on the
premises early in the morning of the day of the storm, the rain
having come into the store in the night. They place the dam-
age at from fifty to seventy-five per cent of the value. Then
follows the testimony of eleven witnesses on the part of the
plaintiffs, whom it is unnecessary to name. They were all per-
sons engaged in, or having been engaged in, the business of
handling stocks of goods similar to the stock of plaintiffs, for
periods of time ranging from three to thirty-four years, with an
average of about nine years. They respectively figure the dam-
age to the goods from a minimum of fifty per cent to a maxi-
mum of seventy-five per cent of the value, with an average of
at least sixty per cent. These witnesses were on the premises
in the morning after the night of the disaster. None of them
went through the whole stock, but they remained there from
fifteen minutes to three hours, and took a general survey of the
situation. On the question of damages the testimony of the
defendant was as follows: The defendant in person testified:
"Mr. Landsman asked me to go over to the store. Told me he
had a big flood of rain over there, or something of that kind.
I went over there; in fact, I did not expect anything else from
the severity of the storm; and he referred to the fact of the
damage to his goods, and the rain that had come down all
through there, and I looked through the store, of course; and
he said to me, 'I want you to get appraisers.' 'Well,' I said,
'I am sorry, Mr. Landsman, that this occurred, but it is one of
those unaccountable things that I cannot help.' Then I told
him I would not make any charge for this month's rent, in con-
sideration of the damage that he had sustained. I allowed he
sustained a damage may be of twenty-five dollars, but I con-
cluded to give him a month's rent; and he says, 'No; you must
get appraisers;' and I stepped out of his store. I have had con-
siderable experience in handling dry goods and gents' furnish-

ing goods. I was in his store that morning about five minutes. From my observation there, I would state that the extent of the damage was about twenty-five dollars." J. W. Kinsely testified, for defendant, that he was an insurance adjuster. Had had twenty-two years' experience in adjusting losses on clothing and furnishing goods injured by water thrown on at fires. He tes tified fully as to his methods of adjusting, and the basis of computing losses, and fully qualified himself as an expert. It appears that a hypothetical question must have been propounded by counsel, to which the witness testified that he would estimate the loss and damage at from five to ten per cent of the value. It is observed, by the testimony, that plaintiffs' witnesses place the damages from fifteen thousand to twenty-two thousand five hundred dollars. The defendant's expert places it at from fifteen hundred to three thousand dollars. Defendant himself estimates it at twenty-five dollars. The verdict was for one hundred dollars. The only testimony that places the loss at below fifteen hundred dollars is the statement of defendant. He was in the building five minutes. Said he had expected a big flood of rain, or something of the kind, in Landsman's store, from the severity of the storm. He looked through the store, exchanged a few curt words, declined to participate in an appraisement of damages, and stepped out. Then he testifies that, in his judgment, the effect of a big flood of rain upon clothing and gentlemen's furnishing goods was to damage the same in the sum of twenty-five dollars. His testimony is about of the same character as if he had said, "The goods are not hurt twenty-five cents." From his whole testimony, it appears that his estimate of damages was more an ejaculation of contempt than an actual expression of his opinion.

Such is a *résumé* of the evidence upon the amount of damages. None of the other testimony is material to this inquiry. Upon this state of facts the court below granted the plaintiff and respondent a new trial. Such action is the alleged error. This court, in ruling upon an appeal from an order of the District Court granting a new trial, has said (BACH, J.): "There was much conflict in the testimony upon this point, and the granting of a motion for a new trial was within the discretion of the judge of the court below, when based upon this ground [that is,

a conflict in the evidence], and will not be disturbed where there is such conflict." (*Chauvin* v. *Valiton*, 7 Mont. 584.) We affirm the rule as there announced; and, if it appeared that there was much conflict in the evidence on the trial of the case at bar, we would on the authority of the above case, were it not for one other point discussed *infra*, affirm the order granting the motion, without further consideration. It should be affirmed, unless there were an abuse of discretion by the judge granting the motion. To determine whether there were such abuse, it is necessary to examine the evidence.

The rule above cited is based upon the ground that the judge below has heard the oral testimony, has observed the demeanor of witnesses, and had the benefit of living, speaking testimony, which in the Supreme Court is reduced to a lifeless printed record; for which reason it is presumed that the trial judge was in a better position to exercise a sound discretion than is the appellate court, and, if it does not appear that he has abused such discretion, his action will not be disturbed. In the case at bar the judge who granted the motion was other than the one who presided at the trial. The court has not, therefore, the benefit of the judgment of the trial judge, based upon his view of the animate witnesses. We occupy the same point of view as the judge passing upon the motion in this case, as far as the advantage of judging testimony is concerned. This court has, as the judge below had, nothing but printed testimony. Neither has any light save from the inanimate type, and to that we must refer to decide whether the judge abused a discretion. Counsel for appellant confront us with an array of authorities to the effect that, if there be a conflict in the evidence, the verdict of a jury will not be disturbed, and urges for that reason that it was error in the judge below to set aside the verdict. But that rule is, further, that such conflict, to avail for the purposes urged, must be a substantial, and not a shadowy, one. It is perfectly apparent that the judge below disregarded the evidence of the defendant Thompson as to the damages being twenty-five dollars, and that evidence only. With this evidence out, there was not a *scintilla* of evidence to sustain the verdict. This court will not usurp the province of the jury to pass upon the credibility of witnesses, and to determine the weight to be given to their evi-

dence; but, if an alleged conflict be utterly unsubstantial and trivial, it may be considered that there was none, and the setting aside of a verdict unsustained by evidence is not an abuse of discretion. "We do not understand that the credulity of a court must necessarily correspond with the vigor and positiveness with which a witness swears. A court may reject the most positive testimony, though the witness be not discredited by direct testimony impeaching him or contradicting his statements. The inherent improbability of a statement may deny to it all claims to belief." (*Blankman* v. *Vallejo*, 15 Cal. 646.) We are of opinion that the judge below, when he disregarded the testimony of defendant personally as to damages, was not guilty of any abuse of discretion, and that the order granting the motion for a new trial should be sustained, and it is so ordered.

HARWOOD, J., concurs.

BLAKE, C. J., did not sit in the case or participate in the decision, having acted as judge in granting the motion for a new trial in the court below.