STATE OF MONTANA, RESPONDENT, *v.* MANSFIELD, APPELLANT.

[Submitted April 30, 1897.  Decided May 10, 1897.]

CRIMINAL PRACTICE—*Information—Demurrer.*—It is not necessary to plead, in an information charging a public offense, that leave of court was had to file the same,—and it is not necessary to verify the information,—if an examination was had before a magistrate. A demurrer to an information on the grounds above stated is properly overruled.

SAME—*Practice—Presumption.*—When the defendant in a criminal case objects to the information because leave of court was not had to file the same, or because an examination was not had before the same was filed on a complaint under oath, a motion to quash supported by affidavits, and not a demurrer, is the proper practice,—the presumption being that these preliminary steps were properly taken, if nothing to the contrary affirmatively appears.

*Appeal from District Court, Silver Bow County. William O. Speer, Judge.*

DAVID MANSFIELD was convicted of murder in the second degree, and appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

On the 6th day of February, 1896, the defendant was found guilty of murder in the second degree by a jury in the district court of Silver Bow county, and on the 8th day of said month was by the court sentenced to imprisonment for the term of 25 years in the penitentiary. On the arraignment of the defendant under the information in this case he filed his motion to quash the information for the reason, among other grounds, that it does not appear from the said information that leave of the court was had to file the same, or that an examination was had before filing the same, and for the further reason that said information was not verified as required by law. The defendant also demurred to the information for the following, among other reasons : ''That it does not appear from said information that leave of court was had to file the same, or that an examination was had before a committing magistrate before said information was filed, and also that the information is not verified as required by law.'' Both the motion to quash and the demurrer were overruled by the court. The defendant appeals from the judgment.

*Miles Cavenaugh,* for Appellant.

*C. B. Nolan,* Attorney General, for the State.

PEMBERTON, C. J.—The appellant contends that the information is bad, and insufficient to support the judgment, because it does not appear affirmatively on the face thereof that an examination of the defendant had been had before the filing thereof, or that leave of the court had been had to file the same, and for the further reason that the information is not verified by the oath of any one.

It will be observed that the motion to quash and the demurrer to the information are based substantially on the same grounds, and it will be further observed that the contention is not that there was not in fact such examination or leave of court before the filing of the information, but that it does not

affirmatively appear by the information that these things were had and done before the filing thereof. These are questions of pleading. Both the motion to quash and the demurrer go to the same questions. The motion is, in effect, a demurrer, because it, like the demurrer, attacks the information for defects which it avers appear on the face thereof. So that the only question raised in the court below by this motion and demurrer was as to the sufficiency of the information, without it being shown on the face thereof that there had been an examination of the defendant before a committing magistrate, or leave of court to file the information before the same was filed. This is the only question we are called upon to consider.

In *Washburn* v. *People*, 10 Mich. 372,—a case involving almost the identical questions raised here,—and under a statute which required an examination before a justice of the peace or a waiver thereof by the defendant before the filing of an information, there is an elaborate discussion of the law of the case, and an extensive collation of the authorities. In this case the court said :

"The two grounds urged in support of this assignment are: First, that it does not appear upon the face of the information that the prisoner had had a preliminary examination for the offense, nor that he had waived it, nor that he was a fugitive from justice; and, second, that the information is not verified, as required by the statute.

As to the first point, the plea does not deny the fact of a previous examination, or assert that none had been had, or that it had not been waived. The question, therefore, depending upon matter apparent on the face of the information, rests upon the same grounds, and is to be decided in the same way, as if raised by demurrer. * * * If he intends to insist upon the want of the examination, we think he should, by plea in abatement, set up the fact that it has not been had, upon which the prosecuting attorney might take issue, or reply a waiver; or he must, upon a proper showing by affidavit, move to quash the information. The latter is the simpler

course.   The circuit court is a court of general criminal juris-
diction, and the proceeding by information instead of indict-
ment is not, under this statute, an exceptional or special one,
but the general mode provided for the prosecution of offenses.
We can, therefore, see no more satisfactory reason for requir-
ing this preliminary examination or its waiver to be set out in
the information than for averring in an indictment that the
grand jury was composed of at least 16 competent grand
jurors, or that the indictment was found by at least 12, or any
other fact essential to the constitution of a legal grand jury.
We cannot think it necessary, on the trial for an offense, to
prove the fact of such examination or waiver, more than on
the trial under indictment to prove the preliminary matters
refered to.   The same rule should apply to both, and we
think such is the effect of the language of the fourth section
of the act of 1859.   If not necessary to be proved, it need not
be alleged."   (*Hamilton* v. *People,* 29 Mich. 177.)

As we have said above, the point is not made in this case
that there was no examination or leave to file before filing the
information.   It is only that the information, on its face, does
not show these things.   The motion to quash was not sup-
ported by affidavit, or any kind of evidence showing that there
had been no preliminary examination or leave of court to file
the information.   It tendered no issue of fact as to whether
there had been a preliminary examination of the defendant or
leave of court to file the information before the filing thereof.
Whether in fact these preliminary proceedings had been taken
was not presented to the court either by the motion or de-
murrer.   There is nothing in the record to show that the de-
fendant did not have an examination before a committing
magistrate, or that leave of court to file was not had before
filing the information.

Counsel for the appellant concedes that it is immaterial
whether the information is verified or not, if there was an ex-
amination of defendant by a committing magistrate, before the
filing of the information.   Having held that it was not essen-
tial that the information should show such examination on its

face, we must presume, in the absence of any showing to the contrary, that such examination had been had before the information was filed.

The above concession of counsel for appellant, and the presumption that there was an examination of the defendant by a magistrate before the filing of the information, raise the further legal presumption that the examination was had upon a complaint supported by the oath or affirmation of some one, and that the warrant for defendant's arrest was issued upon such complaint thus saving to the defendant the right guaranteed to persons by section 7, article 3 of the constitution of the state, that no warrant to seize any person shall ussue without probable cause, etc., shown and supported by oath or affirmation reduced to writing.

We think the information sufficient to support the judgment. The record does not show that the defendant had no examination by a committing magistrate before the filing of the information, and was arrested on a complaint not supported by oath or affirmation, or that no leave of court was had to file the information, if such contentions, or any of them, be true.

We are, therefore, of the opinion that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

HUNT and BUCK, JJ., concur.