STATE, RESPONDENT, *v.* TESLA ET AL., APPELLANTS.

(No. 5,430.)

(Submitted January 10, 1924. Decided February 2, 1924.)

[223 Pac. 107.]

*Intoxicating Liquor — Search-warrants — County Attorney's Approval to Issuance—Presumptions—Complaint—Deposition—Sufficiency—Statutes—Constitutionality—Appeal and Error.*

Statutes—Constitutionality—Not Determinable on Appeal Unless Necessary to Disposition of Case.
   1.   The supreme court will not pass upon the constitutionality of statute unless necessary to a decision of the case.

Intoxicating Liquor—Search-warrant—County Attorney's Approval—Presumptions.
   2.   Conceding (without deciding) that under Chapter 116, Laws of 1923, amending section 11071, Revised Codes of 1921, a district judge

may not issue a search-warrant without the approval of the county attorney first obtained, *held* that in the absence of a showing that such approval had not been given, it will be presumed that official duty was regularly performed and approval had in the manner required by law.

Same—Search-warrant—Statute Applicable.

3.  The general provisions of sections 12394–12414, Revised Codes, with reference to the issuance of search-warrants, were not amended or modified by the provisions of the Prohibition Enforcement Act.

Same—Search-warrant—Complaint—Sufficiency.

4.  Where probable cause for the issuance of a search-warrant was shown by the deposition of the complainant, disclosing time, place and manner of an alleged violation of the liquor law, the requirements of sections 12397 and 12398, Revised Codes, were sufficiently complied with, and the fact that the complaint for the warrant did not set forth the time of the commission of the offense did not render the warrant illegal.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

PROCEEDING by the State against Stevo Tesla for the forfeiture of certain intoxicating liquors and personal property. Judgment declaring the liquors and personal property forfeited, and defendant appeals. Affirmed.

*Messrs. Lamb & Malloy,* for Appellant, submitted a brief; *Mr. Dan. T. Malloy* argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Ketter* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

On the nineteenth day of October, 1923, one Doris appeared before Honorable William E. Carroll, one of the judges of the district court of Silver Bow county, and made complaint and affidavit that he had just and probable cause to believe, and did believe, that intoxicating liquor was then unlawfully being manufactured, kept for sale, used and disposed of in the building located at No. 247 East Park Street, in the city of Butte, in said county, and stated as the reasons for his belief that he "bought three glasses of whisky of Stevo

Tesla in said place, and saw seven men drinking wine in said place." Thereupon Judge Carroll examined Doris on oath, taking his deposition in writing, which deposition set forth that on the sixth day of October, 1923, Doris had visited the place mentioned in his affidavit and complaint, and had at said time purchased three glasses of whisky, one for himself, and one for each of two strangers whom he met in the place, for which he paid twenty-five cents per glass, and which were served to them by Stevo Tesla, and that at the same time he saw seven other men drinking wine in said place; that the premises where the transaction took place consisted of a bar-room, pool-room, and living-room; that it was a public place, and known as a soft-drink parlor.

Upon this verified complaint and deposition Judge Carroll issued a search-warrant directed to any peace officer, sheriff, constable or special officer of the state of Montana, commanding him to search the described premises for any and all kinds of intoxicating liquors, including whisky, wine and beer together with the vessels in which they were contained, and all other liquors and articles in and about said premises used for or in any way connected with the unlawful manufacture, sale barter, furnishing or possession of intoxicating liquors, and to seize the same and make a return of the writ within three days.

This warrant was placed in the hands of John Reynolds, a constable of South Butte township of said county, for service, and on October 20, 1923, this officer made a return, reciting that under the warrant he had searched the described premises on October 19, 1923, and found certain intoxicating liquors therein, together with other personal property used and kept in connection therewith for its illegal sale or disposition, and that he had seized the same and held them subject to the further order of the court.

Thereafter Judge Carroll duly set the hearing on said return for November 10, 1923. On November 7, Stevo Tesla, by his counsel, filed a motion in said proceeding for an order

requiring constable Reynolds to deliver to him the possession of the property which had been seized under the search-warrant, for the reason that the same and all the proceedings taken thereunder were void for failure to comply with the provisions of Chapter 116, Laws of 1923, and that at the time of the seizure the defendant was entitled to the possession of the property. On November 9 one of the deputy county attorneys of Silver Bow county made an affidavit to the effect that the application for the search-warrant was made and the same issued by Judge Carroll with the approval of the county attorney of that county, which affidavit was filed in the proceeding on November 10. The defendant's motion was denied, and thereupon testimony was taken, and such further proceedings were had on the hearing of the return that a judgment of the court was given and made on November 17, declaring the said liquors and personal property forfeited, and the same were ordered disposed of in the manner provided by law. From this judgment the defendant has appealed.

The first point made against the validity of the proceedings in appellant's specifications of error is that there [1] was no evidence before Judge Carroll at the time he issued the search-warrant that the county attorney of Silver Bow county had given his approval of the issuance thereof.

Section 11071, Revised Codes of 1921, as amended by Chapter 116 of the Session Laws of the Eighteenth Session, page 285, provides: "Whenever complaint is made in writing, verified by affidavit, to any judge having cognizance of criminal offenses, or any justice of the peace, that complainant has just and probable cause to believe and does believe, that intoxicating liquor is manufactured, kept for sale, sold, exchanged, used or disposed of, in violation of any law of this state, in any house, building, premises, boat, receptacle, or any other place whatsoever partially [particularly?] describing and designating the same with the facts upon which such belief is based, the judge or justice may, with the approval of the county

attorney, issue a search-warrant as hereinafter provided.
* * * "

It is suggested in the respondent's brief that, if the provision of the above-quoted section, requiring the approval of the county attorney to the issuance of a search-warrant, restricts the right of the judge to issue the same without such approval then that part of the section is unconstitutional. A determination of that point is not essential to a disposition of this case, and no opinion is expressed thereon, since [2] the court will not decide the question of the constitutionality of a statute unless such a decision is necessary. (*Chauvin* v. *Valiton,* 7 Mont. 581, 10 Pac. 215; *State* v. *King,* 28 Mont. 268, 72 Pac. 657; *State ex rel. Boston & Mont. C. & S. Min. Co.* v. *Clancy,* 30 Mont. 193, 76 Pac. 10; *State* v. *Rocky Mt. Elevator Co.,* 52 Mont. 487, 158 Pac. 818.)

If we were to consider that the meaning of the above statute is that a district judge may not issue a search-warrant thereunder without first having obtained the approval of the county attorney, and that it was competent for the legislature to impose such a restriction, still it would not avail the appellant upon the record in this case. The statute makes no requirement as to how such approval shall be manifested—whether orally, in writing, by participation in the proceedings, or by acquiescence. Appellant does not contend that such approval was not in fact had at the time of the issuance of the warrant, but does contend that the legislative intent was not only that such approval should be given prior to, or at the time of, an application for the warrant, but that such approval should be made to appear in some definite manner before the judge would have authority to issue the warrant.

Leaving out of consideration altogether the affidavit of the county attorney, there was not, at the time defendant's motion was made and heard, any showing before the court as to whether or not the county attorney had given his approval to the issuance of the search-warrant by Judge Carroll. The defendant's motion was not accompanied by any affidavit or

other showing that such approval had not in fact been given. The district court over which Judge Carroll presides is a court of record and of general jurisdiction, and the issuance of a search-warrant is a judicial proceeding. Until the contrary is shown, it is presumed that official duty has been regularly performed; "that a court or judge, acting as such * * * was acting in the lawful exercise of his jurisdiction"; and that the law has been obeyed. (Sec. 10606, Rev. Codes 1921.) So that, without reference to the affidavit of the deputy county attorney, if the approval of the county attorney was necessary before Judge Carroll could issue the search-warrant, it must be presumed that it had been given and in the manner required by law.

It cannot be successfully urged that the fact of approval by the county attorney should be made to appear in the warrant itself. The statute makes no such requirement. In this respect the case is analogous to the filing of an information in the district court charging a defendant with a criminal offense. Section 11801 of the Codes provides that an information may be filed against the defendant in a criminal proceeding by the county attorney after examination and commitment by a magistrate or on leave of court. In *State* v. *Mansfield,* 19 Mont. 483, 48 Pac. 898, this court held that it was not necessary to plead, in an information charging a public offense, either that leave of court had been obtained to file the same or that there had been an examination before a committing magistrate, and that, where a defendant challenged the sufficiency of an information on the grounds that such examination had not been had or such leave granted, the burden was upon him to make a showing to that effect, and that in the absence of such showing it would be presumed that an examination had been had or leave obtained to file the same. So in this case, if the approval of the county attorney was necessary to authorize the issuance of the search-warrant by Judge Carroll, and defendant desired to raise the question

that it had not been given, it was for him to make a showing to that effect.

Appellant further contends that the complaint upon which the search-warrant was issued is insufficient, for the reason that it did not state when appellant is alleged to have sold intoxicating liquors. This contention is without merit. The [3] general provisions of the Code with reference to the issuance of search-warrants and the proceedings thereunder are found in sections 12394 to 12414, Revised Codes of 1921. ''In enacting the Prohibition Enforcement Act, the legislature manifestly did not intend to amend or modify these * * * provisions.'' (*State ex rel. Samlin* v. *District Court,* 59 Mont. 600, 198 Pac. 362.) Section 12397 requires the magistrate, be- [4] fore issuing the warrant, to examine the complainant and any witnesses he may produce, on oath, and take their depositions in writing, and cause them to be subscribed by the parties making them. And by section 12398 the depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist; and 12399 says that, if the magistrate is thereupon satisfied of the existence of the grounds of the application, or that there is probable cause to believe their existence, he must issue a search-warrant. In the instant case Judge Carroll followed the requirements of sections 12397 and 12398, and took the deposition of complainant Doris, and this disclosed particularly the time, place, and manner of the alleged violation of the law.

Both the verified complaint and deposition were properly before the judge, and were considered by him in determining whether he should issue the warrant, as disclosed by the warrant itself, which recites: ''Proof by complaint duly verified by one Clifford C. Doris, and the deposition of one Clifford C. Doris having this day been made before me * * * that intoxicating liquors * * * are being unlawfully * * * sold,'' *etc.* This was a sufficient compliance with the statute, which requires probable cause therefor must be shown by affi-

davit before a judge can issue a search-warrant, and meets the appellant's objection that the complaint did not show when he was alleged to have violated the law.

No error appearing in the case, the judgment of the district court of Silver Bow county is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.