JOHN L. KUCHAN, Plaintiff and Respondent, *v.* FRANK A. HARVEY, Defendant and Appellant.

No. 13983.
Submitted Oct. 19, 1978.
Decided Oct. 31, 1978.
585 P.2d 1298.

Henningsen, Purcell & Genzberger, Butte, James E. Purcell argued, Butted for defendant and appellant.

Jardine, Stephenson, Blewett & Weaver, Great Falls, Alexander Blewett III argued, Great Falls, for plaintiff and respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

Defendant appeals from a judgment entered on a jury verdict in the Silver Bow County District Court awarding plaintiff damages of $40,020 for personal injuries.

Plaintiff was injured when he was struck by defendant's automobile near the center of Utah Street in Butte, Montana, shortly after midnight on March 7, 1976.

Plaintiff came to Butte for a basketball tournament on March 6, 1976. He had arrived in Butte in time for the Saturday morning basketball games. Between those games and the evening games, plaintiff had several beers to drink. Plaintiff knows he went to the evening games, but the next thing he remembers is waking up in

the hospital after the accident. He cannot remember any of the details of the accident.

A witness to the accident testified that plaintiff, prior to the accident, was in the Dry Gulch Saloon drinking. He testified that he saw plaintiff leave the bar and step off the curb on Utah Street between two parked cars. He stated that plaintiff was walking slowly, was drunk and was not looking where he was going.

Another witness, Jeff Nord, who was driving in a northerly direction on Utah Street, saw plaintiff walking into the street. Nord said plaintiff was walking in a diagonal direction, staggering, and walking slowly.

Defendant and his girlfriend were proceeding southbound on Utah. They testified that defendant was not exceeding the speed limit as he drove down the street. The other witness testified that defendant was traveling 35 to 40 m. p. h. While defendant could not remember which lane of the two southbound lanes he was driving in, his girlfriend and the other witnesses testified he was close to the centerline. Defendant testified he did not see plaintiff until he hit him. He said he hit the brakes, but could not stop in time. On impact, plaintiff was thrown against the windshield of defendant's car, and when defendant stopped, plaintiff rolled onto the hood and fell to the street.

Plaintiff was taken to the hospital with two broken legs which have become permanently deformed.

Defendant had a blood alcohol level of 0.05. No blood alcohol test was performed on plaintiff, but the police officer who investigated the accident testified that he could smell alcohol on plaintiff's breath.

Plaintiff filed his personal injury action on September 10, 1976. Trial was held on May, 1977. The case was submitted to the jury on the basis of comparative negligence. The jury returned a special verdict finding defendant 60% negligent and plaintiff 40% negligent. The jury determined that plaintiff's total damages were $66,700. Judgment was entered for 60% of this amount, or

$40,200. Following denial of his motion for new trial, defendant appeals.

On appeal, defendant raises two issues:

1) The refusal by the District Court to give defendant's proposed instruction No. 23.

2) The giving of instruction No. 24.

Defendant's proposed instruction No. 23 came directly from section 32-2183, R.C.M. 1947. The instruction read:

"You are instructed that no person shall walk upon or along the highway under the influence of intoxicating liquor."

Plaintiff objected to this instruction on the grounds that section 32-2183 is no longer the law. He argued that because the statute made walking along the highway while intoxicated a criminal offense, it was impliedly repealed by section 80-2723, R.C.M. 1947, providing that an intoxicated person is not subject to the criminal provisions of the law (with certain exceptions not pertinent here). The District Court refused the instruction.

Section 80-2723 did not repeal section 32-2183 by implication. Repeals by implication of specific provisions of an earlier statute will not be found unless intent to repeal is clearly manifested or unavoidably implied by irreconcilable provisions. *Holly v. Preuss* (1977), 172 Mont. 422, 564 P.2d 1303; *Teamsters et al. Montana Liquor Control Board* (1970), 155 Mont. 300, 471 P.2d 541. Repeals by implication are not favored and courts will make every effort to reconcile the statutes in question to avoid such repeals. *State v. Gafford* (1977), 172 Mont. 380, 563 P.2d 1129.

Here the two statutes are not irreconcilable with each other. Section 80-2723 provides that intoxication in public is not a crime. Section 32-2183 does not make being intoxicated in public a criminal offense; it makes walking along the highway in such a condition a criminal offense.

Therefore, we hold that the District Court erred in refusing to give defendant's proposed instruction No. 23. But the refusal to give an instruction does not constitute reversible error unless such

refusal was prejudicial and affected substantial rights. *Holland Furnace Company v. Rounds* (1961), 139 Mont. 75, 360 P.2d 412.

■ Prejudice is never presumed. The party alleging prejudice must show that it existes. *Martello v. Darlow and Lovely* (1968), 151 Mont. 232, 441 P.2d 175; *Conway et al. v. Fabian et al.* (1939), 108 Mont. 287, 89 P.2d 1022.

■ Defendant argues that the failure to give the instruction denied him a defense to his prejudice. The jury had before it the evidence that plaintiff was crossing the street outside of a crosswalk while intoxicated. With that evidence before the jury, defendant could argue that plaintiff was negligent in crossing the street outside the crosswalk and in walking in the street while intoxicated. Defendant did not seek an instruction that to violate section 32-2183 is negligence per se. Under such circumstances the failure to give the instruction was harmless as defendant was able to argue all his defenses to the jury.

■ Defendant further contends that the trial court erred in giving instruction No. 24 on last clear chance.

In its special verdict, the jury found the defendant did not have the last clear chance to avoid the accident. Such being the case the error, if any, was harmless. We expressly decline to reach the issue of whether a last clear chance instruction under Montana's comparative negligence statute is proper.

Affirmed.

MR. JUSTICES DALY, HARRISON, SHEA and SHEEHY concur.