No. 82-244

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

COURTNEY L. TAYLOR,

   Plaintiff and Appellant,

 -vs-

DEPARTMENT OF FISH, WILDLIFE & PARKS,
STATE OF MONTANA, and JAMES W. FLYNN,

   Defendants and Respondents.

---

Appeal from: District Court of the First Judicial District,
     In and for the County of Lewis & Clark,
     The Honorable Peter Meloy, Judge presiding.

Counsel of Record:

  For Appellant:

     Robinson, Doyle & Bell; John Doyle argued,
     Hamilton, Montana

  For Respondent:

     Kevin C. Meek argued, Dept. Fish, Wildlife and
     Parks, Helena, Montana

---

       Submitted:  May 5, 1983

        Decided:  July 14, 1983

Filed:

*Ethel M. Harrison*

---
        Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Courtney Taylor appeals the District Court decision dismissing his action against the Department of Fish, Wildlife and Parks to void his forced retirement at age sixty and reinstate him to his position as game warden with attorney fees, costs and backpay. We reverse and remand for further proceedings.

Taylor has been employed as a state game warden by the Department of Fish, Wildlife and Parks since 1952. On August 7, 1979, he reached the age of sixty. Pursuant to section 19-8-601(2), MCA, of the Game Wardens Retirement Act, he was compulsorily retired.

On November 15, 1978, Taylor began investigating what action he might take to avoid compulsory retirement. He informed the Department on December 29, 1978, that he was not considering retirement. On June 22, 1979, Taylor informed the Secretary of Labor and the Equal Opportunity Commission of his intention to bring an action against the Department for violation of the Federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. In February 1979 he was informed by the Administrator of the Public Employee Retirement Systems Division that he was compelled to enforce the Game Wardens Retirement Act as written.

Taylor filed a complaint of discrimination with the Montana Human Rights Commission on August 6, 1979, the day before his retirement. On November 26, 1979, the Human Rights Division ruled in favor of the State. It held:

> ". . . Charging Party has no remedy under
> Montana statutes. It is possible, of
> course, that his forced retirement may be
> in violation of federal law. However,
> that is not a question for the Montana

Human Rights Commission to decide. Indeed, it is not even a deferral agency for EEOC complaints which allege age discrimination.

"Likewise, it would be an abuse of discretion for this administrative agency to rule on the constitutional question.

". . .

"Therefore a finding of no jurisdiction must be made insofar as the complaint alleges federal statutory and constitutional violations. To the extent that Montana age discrimination statutes are in issue, a finding of no reasonable cause is required."

This ruling was made final December 18, 1979.

By a letter dated November 26, 1979, appellant was advised:

"The complainant has the right to make a written request for an informal conference with the division administrator why the investigator's findings should not have been accepted. If the determination is not altered as a result of such a conference, the complainant has the right to formally request a hearing on the no cause finding. At such a hearing, the issue for consideration is the adequacy of the investigation, not the liability of the respondent. If such a hearing is requested, you will have the right to be present with or without counsel and to participate. However, you would not be required to do so, and no legal consequences would follow from your decision not to participate. You will be informed of any request for an informal conference or for a hearing in this matter."

Thirty days after the Human Rights Commission ruling was made final, Taylor brought an action against the State in United States District Court, Missoula Division, for violations of section 7(b) of the ADEA, 29 U.S.C. § 626(b), and the Fourteenth Amendment to the United States Constitution. The Department was awarded summary judgment on October 6, 1981.

On November 25, 1981, Taylor filed an action in District Court of Lewis and Clark County. He alleged that the enforcement of the game warden retirement statute violates the equal protection clause of the Montana Constitution, Art. II, Section 4. Essentially, Taylor claimed that the retirement statute is not based on a bona fide occupational qualification as the State does not require physical conditioning as a prerequisite for the job during a game warden's course of employment. He asked that the statute be declared unconstitutional, that he be reinstated as a game warden, and that he recover backpay, attorney fees, and costs.

The District Court granted the Department's motion to dismiss. The court's action was based upon failure to bring the administrative appeal within thirty days of the conclusion of the agency proceeding in violation of section 2-4-702, MCA. Taylor appeals the District Court dismissal.

Five issues have been raised for our consideration:

1. Does Dolan v. School District #10, Deer Lodge (1981), ____ Mont. ____, 636 P.2d 825, 38 St.Rep. 1903, require voiding the game warden retirement statute because of an irreconcilable conflict with the anti-discrimination provisions in the Human Rights Act?

2. Must appellant exhaust available administrative remedies before seeking judicial relief?

3. Should an evidentiary hearing be conducted to determine whether there is a basis for age discrimination in Montana and to determine the appellant's damages, if any?

4. Is appellant's claim barred by the statute of limitations?

5. Is the United States Supreme Court case of Equal Employment Opportunity Commission v. Wyoming, Cause No. 81-554 (decided March 2, 1983), applicable to this case?

Taylor argues that the irreconcilable conflict between the game warden retirement statute and certain provisions of the Human Rights Act requires the retirement provision to be declared void. He contends that the clear intent of the legislature to abolish age discrimination in employment as expressed in Dolan, supra, mandates this result.

The Department of Fish, Wildlife and Parks asserts that Dolan does not state that all age qualifications are invalid. Counsel admits the Department has a great burden to prove that the mandatory retirement age is related to job performance; it should be given the opportunity to meet that burden.

Under the authority of Dolan, we conclude that the Human Rights Act necessarily repeals the game warden retirement statute to the extent of any irreconcilable conflict or inconsistency. See also, Kuchan v. Harvey (1978), 179 Mont. 7, 585 P.2d 1298; State Aeronautics Comm. v. Board of Examiners (1948), 121 Mont. 402, 194 P.2d 633. Mary Dolan was a school teacher who, in March 1977, was compulsorily retired pursuant to section 20-4-203(2), MCA. She wanted to continue teaching and proceeded through the proper administrative channels where her forced retirement was affirmed. She filed an action in District Court, and it ruled that section 20-4-203(2), MCA, violated the equal protection and due process clauses of the United States and Montana Constitutions and was repealed by the enactment of sections 49-2-303(1) and 49-3-201, MCA, of the Human Rights Act.

On appeal this Court affirmed the District Court decision. We determined that the appeal could be decided on statutory grounds without reaching constitutional considerations. It was recognized that the Court should not pass on the constitutionality of any act of the legislature unless required for a decision of the case. State v. King (1903), 28 Mont. 268, 277, 72 P. 657, 658.

The Court applied the rule of statutory construction that requires repeal of an earlier statute that conflicts with a later one. This was done to effectuate the clear intent of the legislature to abolish discrimination in employment based solely on age. To hold otherwise would materially dilute the effect of Montana's anti-discrimination legislation. We noted that Title 49 contains very broad anti-discrimination prohibitions and very limited exceptions to such prohibitions. This indicates the legislature intended to abolish all discrimination in employment except under the most limited circumstances. In Dolan the tenure statute violated this intention because it allowed discrimination based solely on age. No qualifying or justifying reasons were included in the statute which would place the forced retirement within the purview of the exceptions in Title 49. We thereby concluded that the statute was impliedly repealed by Title 49.

The present case is quite similar to Dolan. In both cases the constitutionality of mandatory retirement statutes is challenged. In this case, as in Dolan, we must decide the case on statutory, rather than constitutional, grounds, if possible. Dieruf v. City of Bozeman (1977), 173 Mont. 447, 568 P.2d 127; State ex rel. Hammond v. Hager (1972),

-6-

160 Mont. 391, 503 P.2d 52; State ex rel. Konen v. City of Butte (1964), 144 Mont. 95, 394 P.2d 753; Application of Baker Sales Barn (1962), 140 Mont. 1, 367 P.2d 775; Yellowstone Bank v. State Bd. of Equalization (1960), 137 Mont. 198, 351 P.2d 904; State ex rel. Burns v. Lacklen (1955), 129 Mont. 243, 284 P.2d 998; Monarch Mining Co. v. State Highway Comm. (1954), 128 Mont. 65, 270 P.2d 738; Yale Oil Corp. v. Plentywood Farmers Oil (1935), 98 Mont. 582, 41 P.2d 10; State v. Tesla et al. (1924), 69 Mont. 503, 223 P. 107.

We recognize the rule of statutory construction which provides that special statutes will prevail over general statutes. Kuchan v. Harvey (1978), 179 Mont. 7, 585 P.2d 1298; Bryant v. Hall et al. (1971), 157 Mont. 28, 482 P.2d 147; Teamsters, et al., Local 45 v. Montana Liquor Control Board (1970), 155 Mont. 300, 471 P.2d 541; Monarch Lumber Co. v. Haggard (1961), 139 Mont. 105, 360 P.2d 794; In re Kesl's Estate (1945), 117 Mont. 377, 161 P.2d 641; In re Stevenson (1930), 87 Mont. 486, 289 P. 566. Title 49 is a general legislative enactment that deals with employment whereas the game warden retirement statute is a special statute affecting only game wardens.

In Dolan, on the other hand, we applied the rule of statutory construction that requires striking a prior special statute that irreconcilably conflicts with a later general statute because the intention of the legislature to effect a repeal is clearly manifested. Dolan, 636 P.2d at 828, 38 St.Rep. at 1907; see also, Kuchan v. Harvey, supra; State Aeronautics Comm. v. Board of Examiners, supra. We also apply this rule here.

The particular provisions of the Human Rights Act are in direct conflict with the retirement statute.

Section 49-2-303(1)(a), MCA, reads:

"Discrimination in employment. (1) It is an unlawful discriminatory practice for:

"(a) an employer to refuse employment to a person, to bar him from employment, or to discriminate against him in compensation or in a term, condition, or privilege of employment because of his race, creed, religion, marital status, color, or national origin or because of his age, physical or mental handicap, or sex when the reasonable demands of the position do not require an age, physical or mental handicap, or sex distinction;"

Section 49-3-201, MCA, reads:

"Employment of state and local government personnel. (1) State and local government officials and supervisory personnel shall recruit, appoint, assign, train, evaluate, and promote personnel on the basis of merit and qualifications without regard to race, color, religion, creed, political ideas, sex, age, marital status, physical or mental handicap, or national origin.

"(2) All state and local governmental agencies shall:

"(a) promulgate written directives to carry out this policy and to guarantee equal employment opportunities at all levels of state and local government;

"(b) regularly review their personnel practices to assure compliance; and

"(c) conduct continuing orientation and training programs with emphasis on human relations and fair employment practices.

"(3) The department of administration shall insure that the entire examination process, including appraisal of qualifications, is free from bias."

The game warden retirement statute reads: "(2) Retirement shall be compulsory at age 60." Section 19-8-601(2), MCA.

Consequently, the later statute (i.e., the Human Rights Act) impliedly repeals the retirement statute to effectuate the clear intent of the legislature. Dolan, Kuchan, and State Areonautics Comm., supra.

As expressed in Dolan, the intent of the legislature in passing the Human Rights Act was to prevent all age discrimination in employment unless age is related to job performance. Certain specific exceptions were enacted permitting age discrimination; however, Dolan points out there must be a justification for age discrimination to bring it into the purview of these exceptions. 636 P.2d at 829, 38 St.Rep. at 1908. Furthermore, section 49-2-303(2), MCA, provides that such statutory exceptions must be strictly construed. In this case, the game warden retirement statute does not provide any justification or qualification for compulsory retirement but simply retires every person reaching age sixty. Title 49 indicates that the legislature intended to abolish such result and, since no qualification or justification brings the discrimination within the scope of the exceptions, the statute has been impliedly repealed by Title 49.

The Department argues strongly that the exhaustion doctrine should preclude Taylor from judicial redress. We hold that Taylor acted properly in bringing his case directly to District Court.

First of all, this Court has heretofore held that this case is an "original action," not a judicial review of an administrative action. Thus, the doctrine simply does not apply.

Second, in the area of tax appeals, this Court estab-

lished an exception to the exhaustion doctrine in Keller v.
Dept. of Revenue (1979), 182 Mont. 478, 597 P.2d 736.  In
Keller taxpayers sought to appeal a ruling by the Department
of Revenue to the District Court.  The District Court held
that they must exhaust their remedies with the State Tax
Appeal Board.  We held that the particular Department of
Revenue ruling was an interpretation of law that must be
made by the judiciary and, thus, the exhaustion doctrine is
inapplicable.  The same applies here.

Next, Taylor asserts that a fact-finding hearing
should not be conducted to determine whether there is a
basis for age discrimination.  Since no qualifying reasons
for discrimination are found in the game warden retirement
statute, the statute is violative of the Human Rights Act on
its face and should be stricken.

The Department argues that it should be allowed to
offer proof that a game warden's age is related to his job
performance.  Further, a hearing should be held to determine
the amount Taylor's backpay award should be offset by his
wages earned since retirement and to determine the fairness
of attorney fees.

The compulsory retirement statute does not condition
retirement on qualifications or justification which could
place such discrimination in Title 49 exceptions.  We hold
that the statute facially conflicts with the Human Rights
Act.  The judiciary should not interfere with the legisla-
tive function of establishing employment and retirement
qualifications.

To determine if a basis for age discrimination exists,
the court, in essence, would be rewriting the statute.  It

would have to add qualifications and justifications to the compulsory retirement statute to establish that a game warden's age is related to job performance, thereby bringing the discrimination within the statutory exceptions. This would be in excess of the court's authority. We held in Chennault v. Sager (1980), ____ Mont. ____, 610 P.2d 173, 37 St.Rep. 857, that the role of a court in construing a statute is simply to ascertain and declare its substance and not to insert what has been omitted. The statutes in question omit any bona fide occupational qualifications for game wardens or any basis for age discrimination in such employment.

Furthermore, determining the basis for age discrimination in Montana will entail a great fact-finding effort. This might include, among other things, a statutory survey, hearing expert testimony regarding individual variations in age progression and specifics about the occupation in question. The legislature, not the courts, has the proper resources to assume such an undertaking. Additionally, public policy issues are best resolved by the legislature in the first instance.

Since the District Court ruled in favor of the Department, no hearing was held to determine the amount of awards for past wages, benefits, attorney fees and costs. We must remand to the District Court for an evidentiary hearing on these items.

During oral argument before this Court the Department raised, for the first time, the defense that Taylor's claim was barred by the two-year statute of limitations for tort actions involving property. Section 27-2-207, MCA. We

allowed supplemental briefing on this issue.

Taylor contends that, according to longstanding case law in Montana, Rule 8(c), M.R.Civ.P., requires a statute of limitations defense to be plead affirmatively, and, if not, it is waived as a defense. Here, the Department raises this issue for the first time at oral argument on appeal.

The Department claims that the defense of statute of limitations can be raised for the first time on appeal according to Rierson v. Board of Administration of PERS (1981), _____ Mont. _____, 622 P.2d 195, 38 St.Rep. 3. In Rierson the appellant first raised the issue of statute of limitations in his petition for rehearing in the Supreme Court. This Court addressed and decided the issue adverse to appellant. The Department argues that this is implied authority to address the statute of limitations defense on appeal even though it was not raised in the District Court.

We hold that the statute of limitations defense has been waived and, thus, cannot be raised here. Rule 8(c), M.R.Civ.P., provides that a defense of the statute of limitations is an affirmative defense and can only be raised by answer. The law is clear that if the defense is not plead affirmatively, it is waived. Butte Country Club v. Metropolitan Dist. (1974), 164 Mont. 75, 519 P.2d 408; Hansen v. Keirnan et al. (1972), 159 Mont. 448, 499 P.2d 787; Turner v. Powell (1929), 85 Mont. 241, 278 P. 512; State ex rel. Kolbow v. Dist. Court (1909), 38 Mont. 415, 100 P. 207; Grogan v. Valley Trading Co. (1904), 30 Mont. 229, 76 P. 211.

The Department did not raise section 27-2-207, MCA, as a defense in the District Court; hence, the defense has been

-12-

waived.  There is no language in <u>Rierson</u> that would allow a party to raise a defense on appeal that has been waived due to a failure to assert it at the trial level.  There is simply no holding in <u>Rierson</u> that overrules many years of case law regarding the statute of limitations defense.

We also ordered supplemental briefing on the applicability of Equal Employment Opportunity Commission v. Wyoming, supra, to the present case.  Both parties assert that the United States Supreme Court case has no application.  We agree.  The cases are distinguishable.  <u>EEOC</u> addressed the issue of whether the Federal Age Discrimination in Employment Act applied to the Wyoming state game warden retirement statute.  The present case deals with the Montana Human Rights Act and its application to the Montana game warden compulsory retirement statute.  In <u>EEOC</u>, the United States Supreme Court applied a federal act to a Wyoming statute, whereas here we are applying Montana's Human Rights Act to Montana's game warden retirement statute.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

-13-