STATE EX REL. SKRUKRUD, RELATOR, v. DISTRICT
COURT ET AL., RESPONDENTS.

(No. 5,626.)

(Submitted October 15, 1924. Decided November 24, 1924.)

[230 Pac. 1089.]

*Prohibition—Intoxicating Liquor—Suppression of Evidence—*
*Search-warrants—Issuance by Justice's Court—Invalidity—*
*Absence of Approval of County Attorney — Jurisdiction —*
*Presumptions—Constitution—Statutes.*

Intoxicating Liquor — Search-warrant — Issuance by Justices' Courts —
Statute—Constitutionality.
1. *Held,* that Chapter 116, Laws of 1923, conferring jurisdiction
upon justices' courts to issue search-warrants in liquor cases is
not rendered invalid as in contravention of section 7, Article
III, of the Constitution by the erroneous use of the word "par-
tially" instead of "particularly" in providing that the complainant
in his affidavit shall "partially" describe the premises to be
searched.

Same—Search-warrant—Defect in Statute—Effect on Warrant.
2. Where a search-warrant contained a sufficient description of
the premises to be searched its validity was not affected by the
improper use of the word "partially" by the legislature in enact-
ing Chapter 116, Laws of 1923 (see par. 1 above) under which it
was issued.

Same—Search-warrant—Articles Seized Admissible in Evidence, When—
What Insufficient to Render Them Inadmissible.
3. If articles are seized under a search-warrant without violating
any substantial right of the owner, they are admissible in evidence
against him, and failure of the justice of the peace who issued
the warrant to certify the proceedings to the district court within
the time allowed by law does not render them inadmissible.

Same—Seizures—Suppression of Evidence—Essentials.
4. To warrant the suppression of evidence it must be made to ap-
pear that it was procured in violation of the right of the person
against whom it is to be used, and that timely application for its
suppression was made.

Same—Search-warrant—Issuance by Justice of the Peace—Approval of
County Attorney Necessary.
5. Under the rule that where the legislature confers jurisdiction

---

1. Constitutional guaranties against unreasonable searches and
seizures as applied to search for and seizure of intoxicating liquors,
see notes in 3 A. L. R. 1514; 13 A. L. R. 1316; 27 A. L. R. 709.
2. Sufficiency of description of premises in search-warrant or affi-
davit therefor, see notes in 17 Ann. Cas. 232; Ann. Cas. 1916D, 952.
3. Admissibility of evidence secured by search or seizure, see notes
in 15 Ann. Cas. 1205; Ann. Cas. 1915C, 1182.

[71 Mont. 570.]

upon a justice's court where none existed before, it must be exercised in the manner and within the limits stated, *held*, that a search-warrant issued by a justice of the peace under Chapter 116, Laws of 1923, without the approval of the county attorney was void, that Chapter providing that the approval of that officer must first be obtained.

Same—Justices' Courts of Limited Jurisdiction—No Presumption Indulged in Favor of Jurisdiction.
    6. A justice's court is one of limited jurisdiction; no presumption can be indulged in favor of .cs jurisdiction and every fact necessary to confer it must be made tc appear; hence in the absence of an affirmative showing that the approval of the county attorney to the issuance of a search-warrant under Chapter 116 above was first obtained it must be held that the court was without jurisdiction to issue it.

Same—Search-warrant—Complaint—Sufficiency.
    7. *Quaere:* Does the affirmation of the fact that one drink of intoxicating liquor was sold at a given place on a certain day constitute probable cause for believing that intoxicating liquor was kept and sold at the same place a month thereafter and thus justify the issuance of a search-warrant?

Original application for writ of prohibition by the State of Montana, on the relation of Ole Skrukrud, against the District Court of the Seventh Judicial District in and for the County of Dawson and the Judge thereof. Peremptory writ issued.

*Messrs. Hurley & O'Neil, Mr. C. A. Spaulding* and *Mr. H. F. McConnell,* for Relator, submitted a brief; *Mr. Spaulding* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for Respondents, submitted a brief; *Mr. Ketter* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On June 9, 1924, W. L. Kinsey made affidavit to the effect that on June 6 he purchased one drink of intoxicating liquor from Ole Skrukrud in a soft-drink establishment at 116 South Merrill Avenue, Glendive, Montana. Apparently nothing further was done until July 5, when the sheriff of Dawson county made affidavit to the effect that he had reason to believe and did believe that intoxicating liquors were then unlawfully kept,

sold, used and disposed of at 116 South Merrill Avenue in Glendive, and that he grounded his belief upon the facts set forth in the Kinsey affidavit to which he referred and made it a part of his affidavit. On the same day, and upon this showing alone, a justice of the peace issued a search-warrant, which the sheriff served, and on the same day made return that he had seized one glass jar containing about two table-spoonfuls of moonshine whisky. On July 12 an information was filed, charging that Skrukrud unlawfully sold and pos-sessed intoxicating liquor on June 6. On August 4 Skrukrud applied to the district court for an order suppressing as evi-dence the jar and liquor, but the application was thereafter denied, and in this proceeding we are asked to prohibit the use of the seized articles as evidence upon the trial of the criminal case.

The attorney general appeared for the respondent court and judge, and submitted the matter upon a motion to quash the alternative writ of prohibition heretofore issued.

Counsel for the relator assail the search-warrant proceedings upon four grounds:

1. It is contended that the statute which confers upon a [1, 2] justice of the peace jurisdiction to issue a search-warrant in a case of this character (Chap. 116, Laws of 1923) is unconstitutional. So much of the Act as is involved here follows: "Whenever complaint is made in writing, verified by affidavit, to * * * any justice of the peace, that com-plainant has just and probable cause to believe and does be-lieve, that intoxicating liquor is manufactured, kept for sale, sold, exchanged, used or disposed of, in violation of any law of this state, in any house, building, premises, boat, receptacle, or any other place whatsoever (*partially* describing and desig-nating the same) with the facts upon which such belief is based, the * * * justice may, with the approval of the county attorney, issue a search-warrant as hereinafter pro-vided," *etc.*

Section 7, Article III, of our state Constitution, declares: "The people shall be secure in their persons, papers, homes, and effects, from unreasonable searches and seizures, and no warrant to search any place or seize any person or thing shall issue without describing the place to be searched, or the person or thing to be seized, nor without probable cause, supported by oath or affirmation, reduced to writing."

This last provision is a part of our Bill of Rights; but it is also a limitation upon the law-making power. It does not assume to deal, however, with the contents of the application for a search-warrant, except to require that it shall be in writing supported by oath or affirmation. It is directed primarily to the search-warrant itself, while the legislature is left free to prescribe the contents of the application for the warrant. The legislature has not undertaken to make valid a search-warrant which does describe the place to be searched or the person or thing to be seized; on the contrary, the form of the search-warrant prescribed by Chapter 116 requires that the place to be searched shall be described "with particulars as to its location sufficiently to identify it." The statute is not open to the attack made upon it. It is, however, defective. The word "particularly" should have been used where the word "partially" appears; but even so the error does not affect the search-warrant which was issued in this instance, and which does contain a sufficient description of the place to be searched.

2. It is next contended that jurisdiction over the seized articles was lost upon failure of the justice of the peace to certify the proceedings to the district court for eleven days, and *State ex rel. Ewald* v. *Certain Intoxicating Liquors, ante,* p. 79, 227 Pac. 472, is cited, but that case had to do with forfeiture proceedings, and is not authority here. If the articles were seized without the violation of any substantial right of the owner, they are admissible in evidence against him, and the failure of the justice of the peace to certify the proceedings within the time allowed by law cannot render them inadmissible.

To warrant the suppression of evidence it must be made to
[4] appear that it was procured in violation of the rights of
the person against whom it is to be used, and that timely ap-
plication for its suppression was made. (*State ex rel. Samlin*
v. *District Court,* 59 Mont. 600, 198 Pac. 362; *State* v. *Gotta,*
*ante,* p. 288, 229 Pac. 405.)

3. The record does not disclose that the approval of the
[5] county attorney was procured before the search-warrant
was issued. Our Constitution does not attempt to define the
jurisdiction of justice of the peace courts, except to say that
in felony cases they shall act as examining courts, and that
they shall have concurrent jurisdiction with the district courts
in cases of forcible entry and unlawful detainer. (Sec. 21,
Art. VIII.) With these exceptions the legislature was left
free to prescribe the jurisdiction and to state the terms upon
which it might be exercised; and it is a general rule that,
where jurisdiction is thus prescribed by statute, it must be
exercised in the manner and within the limits stated.

In *State ex rel. Collier* v. *Houston,* 36 Mont. 178, 12 Ann.
Cas. 1027, 92 Pac. 476, this court said: "Justices' courts are
of limited jurisdiction, having only such powers as are con-
ferred upon them by the statute. [Citing cases.] In the
exercise of the powers granted, they must pursue the statute,
for that is the charter of their powers, not only as to the
classes of cases which they may hear and determine, but as to
the procedure they must observe."

To appreciate the significance of the language employed in
Chapter 116 above it is necessary to bear in mind that prior
to the enactment of that statute jurisdiction to issue a search-
warrant in a case of this character was vested in the district
courts exclusively. (Sec. 11104, Rev. Codes.) The manifest
purpose of the new legislation was to make available the more
easily accessible courts of justices of the peace and thereby
avoid delays necessarily incident to every application made to
a district court in a county without a resident judge. But
for reasons sufficient unto themselves the legislature refused

to place it within the power of a court of such limited jurisdiction usually presided over by a layman to exercise an authority freighted with the most serious consequences, unless the exercise of that power had the sanction of a public officer possessed of a knowledge of the law; hence the requirement that the approval of the county attorney must first be had.

Since it was the purpose of Chapter 116 to confer jurisdiction where none existed before, and since the legislature prescribed the terms upon which the newly conferred jurisdiction might be exercised, its language that a justice of the peace "may with the approval of the county attorney issue a search-warrant" must be held to mean that without such approval the authority does not exist.

But it is argued by the attorney general that it does not [6] appear that the approval of the county attorney was not obtained in this instance, and *State* v. *Tesla,* 69 Mont. 503, 223 Pac. 107, is cited in support of the argument that the presumption will be indulged that it was obtained, in the absence of any showing to the contrary. But the search-warrant involved in the *Tesla Case* was issued by the district court of Silver Bow county, a court of general jurisdiction, with respect to which the statutory presumption is always indulged. A justice of the peace court, on the contrary, is a court of limited jurisdiction, and no presumption will be indulged in favor of its jurisdiction, but every fact necessary to confer jurisdiction must appear affirmatively. (*Miller* v. *Miller,* 47 Mont. 150, 131 Pac. 23; *Jenkins* v. *Carroll,* 42 Mont. 302, 112 Pac. 1064.)

In the absence of any showing that the approval of the county attorney was obtained before the search-warrant in question was issued, the record stands as though it were a fact that such approval was not obtained; hence the justice of the peace was without authority to issue the warrant, and the search and seizure made under it were illegal and void.

This disposes of the case before us, but in passing we merely [7] notice the last contention which, stated in the form of a question, is as follows: Does the affirmation of the bare fact

that one drink of intoxicating liquor was sold at a given place on June 6 constitute probable cause for believing that intoxicating liquor is kept and sold at the same place on July 5 following? Because of the brief time allowed for the presentation of this proceeding, the question was not discussed as thoroughly as its importance demands, and for this additional reason we reserve our opinion upon it.

The peremptory writ will issue in conformity to the prayer of the petition.

*Writ issued.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN and STARK concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.