STATE EX REL. BROWN ET AL., RELATORS, *v.* DISTRICT
COURT ET AL., RESPONDENTS.

(No. 5,666.)

(Submitted December 11, 1924.   Decided January 5, 1925.)

[232 Pac. 201.]

*Intoxicating Liquors—Writ of Prohibition—Suppression of Evi-
dence—Searches and Seizures—Official Duty Regularly Per-
formed—Presumptions.*

Intoxicating Liquors—Writ of Prohibition—Suppression of Evidence—
Illegal Transportation.
1.   Where officers without a search-warrant seized intoxicating
liquors being transported in an automobile, the contention of the
owners on application for a writ of prohibition to prevent the use
of the articles seized as evidence in a prosecution against them,
that they were not engaged in illegal transportation, *held* dis-
proved by the allegation in their petition for the writ that the
containers of the liquor were so concealed in the automobile that
they could be seen only by removal of the covering and by a
thorough search of the automobile.

Same—Illegal Transportation—Duty of Officers.
2.   When an officer discovers a person in the act of illegally trans-
porting intoxicating liquor, he must, under section 11073, Revised
Codes of 1921, arrest the person in charge thereof, seize the liquor
and take possession of the vehicle used as the means of trans-
portation.

Same—Search and Seizure—Presumption of Official Duty Regularly
Performed—When Conclusive.
3.   The presumption that official duty has been regularly per-
formed has the effect of evidence and is satisfactory if not con-
troverted, and under that rule it will be presumed, in the absence
of countervailing proof that an officer in making a search and
seizure did not act illegally, the burden of showing that he did
being upon him who makes the assertion.

Same—Search and Seizure Without Warrant—When Officer Authorized
to Act.
4.   Where a sheriff is in the possession of such knowledge from
the employment of his own senses or from information actually
imparted to him by other credible persons to cause him in good
faith, acting within reasonable discretion, to believe that the
liquor law was being violated in his presence, he may make
seizure and arrest the offender and in doing so, without a war-
rant, he does not violate any constitutional rights of such person.

1.   Admissibility of evidence secured by search or seizure, see notes
in 15 Ann. Cas. 1205; Ann. Cas. 1915C, 1182.
2.   Transportation of concealed liquor as an offense within presence
of officer authorizing an arrest without a warrant, see note in 20
A. L. R. 652.

Same—Search and Seizure—Presumption of Proper Performance of Official Duty—Insufficiency of Contrary Showing.

5. Showing made by applicants for a writ of prohibition to restrain the district court from permitting the introduction in evidence of articles seized by officers without a warrant, on a criminal charge against them, *held* insufficient to overcome the presumption that the officers had probable cause for searching an automobile, seizing the liquors therein found, and arresting relators.

Original application for a writ of prohibition by the State of Montana on relation of James Brown and others, against the District Court of the Fourth Judicial District, in and for the County of Ravalli, and James M. Self, a judge thereof. Writ denied and proceedings dismissed.

*Messrs. McCaffery & Sullivan,* for Relators, submitted a brief; *Mr. Frank J. Sullivan* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for Respondents, submitted a brief; *Mr. Ketter* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The affidavit filed in connection with this application for a writ of prohibition will be referred to as the complaint, and the partes designated as plaintiffs and defendants.

On July 2, 1924, at Victor, Ravalli county, E. T. Lockridge, sheriff of said county, and William Grimes, his deputy, without a search-warrant, searched a Dodge automobile discovered in possession of the plaintiffs, which they had driven from Hamilton, in said county, and found therein, amongst other articles, twenty gallons of whisky in three five-gallon crock demijohns and one five-gallon barrel. Having discovered this whisky in the automobile, the officers thereupon took possession of it and its contents and arrested the plaintiffs.

On July 3, 1924, the defendant J. D. Taylor, as county attorney of Ravalli county, filed an information in the district court charging the plaintiffs jointly with the unlawful possession and the unlawful transportation of intoxicating liquor,

which offenses were alleged to have been committed in said county on July 2, 1924. To this information the plaintiffs subsequently entered pleas of not guilty, and the trial of said action has been set down for the January term of said court.

On July 7, the sheriff filed a return in the district court of said county, reciting, amongst other things, that on July 2, 1924, at Ravalli county, he discovered the plaintiffs in the act of illegally transporting intoxicating liquor in a five-passenger Dodge automobile; that he seized the automobile and its contents, consisting of twenty gallons of intoxicating liquor, together with some personal property, and arrested the plaintiffs. This return also contained a description of the liquor and property seized, recited that the seizure was made on the main street of Victor, and asked the court to issue a warrant commanding him to hold in his possession all of the seized property until a hearing and adjudication be had on the return. Upon this return such proceedings were had that an order of court was made commanding the sheriff to hold the seized property in his possession until discharged by process of law.

About September 8, 1924, plaintiffs filed a petition in the district court of Ravalli county, praying that the above-described seized property be ordered returned to them, and for an order suppressing said property and all evidence obtained in connection with its seizure as evidence on the ground that the search of the automobile and the seizure of the property were unlawful. Upon this petition an order was issued by the district court requiring the sheriff, his deputy, and the county attorney to show cause why the order prayed for should not be granted. A hearing on this order was had during which the petitioners therein introduced testimony for the purpose of sustaining their allegations, a transcript of which is attached to and made a part of the complaint filed in this court.

Thereafter the plaintiffs filed their complaint in this court, setting forth the foregoing facts, alleging that the search of the automobile and the seizure of its contents violated the rights

guaranteed to them by section 7, Article III of our state Constitution, and were therefore illegal and unreasonable, but that the defendants would, unless restrained from so doing by an order of this court, use said property and the evidence acquired by reason of the search and seizure of said automobile as evidence at the trial of the plaintiffs under the information filed against them in the district court of Ravalli county, and asked that an order of this court be issued to prevent them from doing so.

Upon the filing of this complaint an alternative writ of prohibition was issued directed to the defendants, requiring them to show cause why they should not be restrained from using said property and the evidence obtained in connection with the search and seizure of the automobile upon the trial of the charges contained in the above-mentioned information.

At the return day of the alternative writ the defendants appeared by answer in which the allegations of the complaint were admitted, except that the search and seizure of the automobile were without lawful authority, or that they were made in violation of the constitutional rights of the plaintiffs, or that they were entitled to the possession of the property seized. The matter was submitted to this court upon the complaint and answer.

The contention of the plaintiffs is that the search of their automobile was illegal, therefore unreasonable and violative of the rights guaranteed to them by section 7, Article III, of the state Constitution, because (1) the officers had no warrant for their arrest and no search-warrant directing a search of the automobile; (2) that they were not, as a matter of fact, engaged in transporting liquors in violation of the law in the presence of the officers at the time of the arrest, search and seizure; or (3) if they were so engaged, the officers had no personal knowledge of that fact and therefore no probable cause existed warranting the search of the automobile, seizure of the liquor, and their arrest without a warrant.

1. That the officers were not acting under a warrant of arrest or search-warrant is admitted in the answer.

2. As to the second contention: The complaint contains [1] formal recitals to the effect that the plaintiffs were not in fact engaged in the commission of any offense against the liquor laws at the time of the arrest, search and seizure.   However, these allegations are wholly negatived by other recitals of fact contained in it, which disclose that the car in question, loaded with intoxicating liquors, and three men in it, had been driven from Hamilton to Victor, at which place it was found in possession of the plaintiffs and the liquors discovered therein. With child-like confidence the plaintiffs advise the court in paragraph 8 of the complaint: "That the said 20 gallons of whisky contained in the three 5-gallon demijohns, and the one 5-gallon barrel, as aforesaid, were concealed in said automobile, the same being contained in burlap sacks and placed at the bottom of said automobile, and covered and wrapped with a blanket and an automobile robe, in addition to all the other property aforementioned, so that the same was not open to view nor could the same be seen nor could the contents of said demijohns or 5-gallon barrel be ascertained except by removing said quilt, robe and other property from on top thereof, and untying and removing said burlap sacks, nor was said crock demijohns or the said 5-gallon barrel open to view nor could the same be seen except by the removal of said wrappings and coverings, as aforesaid, and by making a thorough search of said automobile." This showing clearly demonstrates that plaintiffs were in fact transporting intoxicating liquor illegally at the time in question. In reality it seems the plaintiffs contend that because they had exercised such great care in concealing their flagrant violation of the law, the constitutional provision relied upon should actually come to their assistance and defend them.

3. Section 11073, Revised Codes of 1921, provides: "When [2] any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors

in any * * * automobile, * * * or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, * * * or any other conveyance, and shall arrest any person in charge thereof. * * * "

When the conditions named in this section exist it is not only the legal right but the sworn duty of the officer to seize the liquor being transported, arrest the person in charge thereof and take possession of the vehicle used as the means of transportation. If he should fail, neglect or refuse to do so he subjects himself to removal from office. (Sec. 11117.) When the officers made the search, seizure, and arrest in question, they were, in the words of the complaint, "acting as such deputy sheriff and sheriff, respectively, and under color of their official duties as such deputy sheriff and sheriff."

One of the presumptions declared by section 10606, Revised [3]  Codes of 1921, is "that official duty has been regularly performed." While this is a disputable presumption, it has the effect of evidence (sec. 10600, Rev. Codes 1921; *Cooper* v. *Romney,* 49 Mont. 119, Ann. Cas. 1916A, 596, 141 Pac. 289) and is satisfactory if not contradicted. (Sec. 10606, *supra.*) The rule in reference to this presumption is stated in Throop on Public Officers, section 558, as follows: "And the presumption is always in favor of the correct performance of his duty by an officer; and every reasonable intendment will be made in support of such presumption. So it will always be presumed that in any official act, or act purporting to be official, the officer has not exceeded his authority; and if he had power to act only in a certain contingency, that the contingency has happened, where there is no evidence on either side in respect thereto. 'The presumption is that no official person, acting under oath of office, will do aught which it is against his official duty to do, or will omit to do aught which his official duty requires should be done.' "

In *United States* v. *Vatune* (D. C.), 292 Fed. 497, upon an application for the return of certain liquor alleged to have been unlawfully seized by officers who had taken possession of it without a search-warrant, the court said: ''Officers of the government act under legal authority, in pursuance of oath and official station, and it will be presumed, in the absence of countervailing proof, that they have performed their duty— that is, that they have not been guilty, in a given instance, of making an unreasonable search or effecting an unreasonable seizure. The burden of showing the contrary, then, is upon him who contends to the contrary.'' (See, also, *Stephens* v. *Conley*, 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189; *Anderson* v. *Wirkman*, 67 Mont. 176, 215 Pac. 224; *Swords* v. *Simineo*, 68 Mont. 164, 216 Pac. 806.)

It is not open to question, but that if, when they made this [4] search, seizure and arrest the officers had probable cause for believing that intoxicating liquor was being transported in the automobile mentioned, their acts were fully justified under section 11073, *supra*. (*State ex rel. Neville* v. *Mullen*, 63 Mont. 50, 207 Pac. 634; *Houck* v. *State*, 106 Ohio St. 195, 140 N. E. 112; *United States* v. *Vatune, supra; United States* v. *Brady* (C. C. A.), 300 Fed. 540.)

Under the rules above announced the burden of showing [5] that the officers did not have such probable cause is cast upon the plaintiffs; and it therefore becomes necessary to examine the record which they have brought here, to ascertain whether they have sustained that burden.

At the hearing in the district court upon the motion to suppress, the plaintiffs called to the witness-stand only the sheriff and his deputy, Grimes, and relied upon their testimony alone to overcome the presumption that the officers were warranted in making the search, seizure and arrest. From the testimony of the witness Grimes it was developed that at the time in question the sheriff's office had three special officers on the streets of Hamilton for the particular business of watching for infractions of the law; that these officers advised the sheriff

and his deputy that three men in a Dodge automobile bearing the number 54199, loaded with intoxicating liquor, had gone through the main street of Hamilton, headed west; that the sheriff and his deputy, upon receiving this information, in their own automobile followed the course taken by the three men in the Dodge car, and that following this course they came upon a Dodge car bearing No. 54199. Continuing the recital of facts from the time the officers discovered this Dodge car, Sheriff Lockridge testified that they came up to it at the town of Victor, found the three plaintiffs in possession of it, searched the car, found the liquor therein, took possession of it as well as the car, and arrested the plaintiffs.

That the plaintiffs were in fact transporting intoxicating liquor unlawfully is established by this testimony and the recitals of the complaint above pointed out; and that their acts were done in the presence of the officers cannot be controverted under the showing made.

The sheriff and his deputy had no personal information that the plaintiffs were engaged in this illegal transportation. When, however, an officer of this state is in the possession of such knowledge from the employment of his own senses or from information actually imparted to him by other credible persons as to cause him honestly and in good faith, acting within reasonable discretion, to entertain the belief that the provisions of section 11073, *supra,* are being violated in his presence, it is both his right and duty to seize the liquor together with the instrument of transportation and arrest the persons in possession thereof. His acts in that respect are legal and no constitutional rights of the possessor are violated thereby. (*Ballard* v. *State,* 43 Ohio St. 340, 1 N. E. 76; *United States* v. *Snyder* (D. C.), 278 Fed. 650, and cases last above cited.)

There is nothing in the record to indicate but that the special officers in Hamilton who gave the information to the sheriff and his deputy upon which they acted, were not credible persons; neither is there anything to indicate but that the

sheriff and his deputy acted in good faith and with reasonable discretion, or that they did not entertain a *bona fide* belief that the law was in fact being violated in their presence. The showing made by plaintiffs wholly fails to overcome the presumption that the officers had probable cause for searching the automobile, seizing the liquor found therein, and arresting the plaintiffs who were in possession of it.

The writ is denied and the proceeding dismissed.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES RANKIN and HOLLOWAY, and HONORABLE W. H. POORMAN, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.