STATE, RESPONDENT, v. LADUE, APPELLANT.

(No. 5,689.)

(Submitted May 23, 1925. Decided June 12, 1925.)

[237 Pac. 495.]

*Intoxicating Liquors—Manufacture and Possession—Searches and Seizures—Void Search-warrant—Absence of Approval by County Attorney—Suppression of Evidence—Constitution.*

Search-warrant—When Void.
    1. A search-warrant issued without the approval of the county attorney is void. (Chap. 116, Laws of 1923.)
Same—When Search and Seizure Valid Without Warrant or Under Void Warrant.
    2. To render a search or seizure violative of the constitutional rights of the owner, it must have been "unreasonable"; hence an officer who has probable cause for believing that an offense is being committed in his presence may search and seize without a warrant, or under a void warrant, and, his act under such circumstances not being unreasonable, the owner cannot complain.
Same—Suppression of Evidence—Burden upon Movant to Show Illegality of Seizure.
    3. On motion to suppress evidence secured illegally the burden of establishing the illegality of the seizure rests upon the movant.
Same—Seizure of Articles When Crime Committed in Presence of Officers Proper.
    4. Where an officer had driven to defendant's ranch, observed smoke rising from an outbuilding and defendant, emerging therefrom, left the door open, enabling the officer, some distance away, on defendant's land, to see a still in operation, he was justified in seizing it (par. 2, above), though the search-warrant in his possession was void, and the defendant's motion to suppress the evidence was properly overruled.
Same—Extent of Constitutional Guaranty.
    5. The constitutional guaranty (Art. III, sec. 7), against unreasonable searches and seizures extends only to one's person, papers, home and effects; hence defendant's contention that trespass by an officer upon his land so near to an outbuilding in which a still was being operated as to observe it in operation violated his constitutional right has no merit, the guaranty not covering his field (or the roadway).

Criminal Law, 16 C. J., sec. 1110, p. 571, n. 94.
Intoxicating Liquors, 33 C. J., sec. 376, p. 678, n. 38; p. 679, n. 54; sec. 378, p. 680, n. 74.
Searches and Seizures, 35 Cyc., p. 1265, n. 9.

*Appeal from District Court, Lake County; James M. Self, Judge.*

ELMER CHARLES LADUE was convicted of manufacturing and possessing intoxicating liquor and appeals from the judgment and the order denying him a new trial. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. A. J. Lowary,* for Appellant.

*Mr. L. A. Foot,* Attorney General, and *Mr. I. W. Choate,* Assistant Attorney General, for the State.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On January 12, 1924, Sheriff Kelly of Lake county, and one J. C. Curtis, a federal enforcement agent, purporting to act under a search-warrant, visited the ranch of defendant near Ronan, and seized a still, a quantity of mash and three-fourths of a gallon of moonshine whisky.

An information was thereafter filed charging defendant with the manufacture and possession of intoxicating liquor, to which a plea of not guilty was entered. The case was set for trial, but just before it was reached on the calendar defendant moved to suppress the seized articles as evidence, supporting his motion by his affidavit to the effect that his premises were searched and the articles found and seized without a search-warrant. The motion was overruled, and, on the trial, the articles were admitted in evidence, resulting in a verdict of guilty and judgment thereon. Defendant moved for a new trial upon the ground that the evidence should have been suppressed, which motion was overruled. This appeal is from the judgment, and from the order denying the motion for a new trial.

[73 Mont. 535.]

Defendant makes four assignments of error: (1) That the court erred in overruling the motion to suppress, and (2) in admitting the seized articles in evidence, (3) that the verdict and judgment are against law and the evidence, and (4) that the court erred in denying the motion for a new trial. But one question is, however, presented, to-wit, Was the evidence lawfully obtained? If it was, no error was committed in admitting such evidence or in denying defendant a new trial, and, under the evidence, if properly admitted, the verdict and judgment are justified.

1. On the hearing to suppress, it appeared that, if the [1] officer had a warrant at all, it was issued irregularly, and without the approval of the county attorney, and was therefore invalid (Chapter 116, Laws 1923; *State ex rel. Skrukrud* v. *District Court*, 71 Mont. 570, 230 Pac. 1089), and the seizure cannot be justified thereunder.

2. However, as stated in *United States* v. *McBride* (D. C.), [2] 287 Fed. 214, 261 U. S. 614, 67 L. Ed. 827; 43 Sup. Ct. Rep. 359: "The constitutional inhibition is against 'unreasonable search and seizure.' This word 'unreasonable' was put in there in full knowledge of its meaning. There is no guaranty against searching and seizing, nor against searching without a warrant. The question as to whether a search is unreasonable does not depend altogether on whether a warrant was held by the officer. * * * If * * * the search was not prohibited as unreasonable, it does not matter whether or not the officer had a warrant."

Thus it is held that an officer may make search and seizure without a warrant when he has probable cause for believing that an offense is being committed. (*Stacey* v. *Emery*, 97 U. S. 642, 24 L. Ed. 1035 [see, also, Rose's U. S. Notes]; *Carroll* v. *U. S. Co-op.* (U. S.), 69 L. Ed. 347, 45 Sup. Ct. Rep. 280; *State ex rel. Brown* v. *District Court*, 72 Mont. 213, 232 Pac. 201.) And an officer may seize articles used in the commission of a crime when the offense is being committed in his presence. (*State ex rel. Neville* v. *Mul-*

*len*, 63 Mont. 50, 207 Pac. 634; *State ex rel. Merrell* v. *District Court*, 72 Mont. 77, 231 Pac. 1107.)

3. On a motion to suppress, the movant, being the party [3] asserting that a seizure is illegal, has the burden of establishing its illegality. (*State ex rel. Brown* v. *District Court*, above; *State ex rel. Hansen* v. *District Court*, 72 Mont. 245, 233 Pac. 126.)

The testimony offered by defendant on the hearing, it is [4] true, established the illegality of the search-warrant, and that the officers entered upon his lands without a valid search-warrant. He further testified that, after announcing that he had a search-warrant, the sheriff "went ahead and searched the place," and that he did not "think they could see" him "manufacturing moonshine from the road." In refutation of these two statements, the officers testified that no search of the premises was made, and that they entered but the one building, after they had seen a still in operation therein. Curtis testified that, having been "informed" that a still would be in operation there at that time, he, with the sheriff, drove to defendant's ranch, which they had been watching for some time; that before they left the road they could see smoke rising from this building; that they drove up to within ten feet of it, when defendant came out, leaving the door wide open, and, through the door, and before they got out of the car, he saw a still on a gasoline stove, and said to defendant, "Well, it looks as if you were caught red-handed," to which defendant replied, "Well, it is in operation." Curtis then testified that he then got out of the car and approached the building and saw the still in operation and mash boiling on a wood stove; that the building was used for no other purpose than the manufacture of moonshine. The sheriff remained in the car until called over to the building by Curtis, after his discovery. Later a glass container of moonshine whisky was found in a nail keg outside the building.

While Curtis testified that defendant came from the "washhouse," or building used for manufacturing liquor, the defendant testified that he was called from the dwelling-house, and in this respect he was corroborated by the sheriff, but at most this constituted but a conflict in evidence, and has little bearing upon the issue. The statement made by Curtis that the washhouse door was wide open is uncontradicted.

The evidence, therefore, shows that, independent of the search-warrant, and without a search made by virtue thereof, the officers observed the law being violated in their presence, so that, whether or not in the instant case they had a valid search-warrant, or any warrant at all, is of no importance.

The officers were, under these circumstances, justified in seizing the articles used in violating the law.

4. Counsel for defendant contends, however, that the entry [5] upon the lands of defendant "under the guise of an invalid search-warrant," and the progress of the officers across the land to a position where they could observe what was going on, and thereupon seizing the articles, constitutes a violation of defendant's constitutional guaranty against unreasonable searches and seizures. There is no merit in this contention. While the officers may have committed a technical trespass, the protection afforded by the constitutional guaranty extends only to the subject matter of the provision.

Section 7, Article III, of our Constitution, provides: "The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures. * * * " An entry without search is not prohibited, and an open field or roadway is not embraced within any one of the terms "persons, papers, homes and effects." The above section differs from the Fourth Amendment to the federal Constitution only in the use of the word "homes" in place of "houses."

In the case of *Hester* v. *United States*, 265 U. S. 57, 68 L. Ed. 898, 44 Sup. Ct. Rep. 445, a like contention was

made. The facts disclosed in that case are that the officers secreted themselves in a field adjacent to Hester's house; a car drove up and Hester took a jug therefrom; an alarm was given and Hester fled, but dropped the jug; the jug broke but still retained about a quart of its contents, which the officers found to be moonshine whisky. The supreme court said: "It is obvious that, even if there had been a trespass, the above testimony was not obtained by an illegal search and seizure. * * * It is enough to say that, apart from the justification, the special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers, and effects' is not extended to open fields. The distinction between the latter and the house is as old as the common law. (4 Bl. Com. 223, 225, 226.)" To the same effect, see *United States* v. *McBride, supra.*

5. The evidence adduced on the hearing was ample to justify the court in finding, as it did, that the motion was not supported by the evidence, in that it clearly shows that there was no search at all, and that the articles in question were seized after the officers discovered that an offense was being committed in their presence. The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, takes no part in the foregoing decision.