## W. M. SODERBERG v. STATE.

No. A-4847.   Opinion Filed June 27, 1925.
(237 Pac. 467.)

W. R. Withington, for plaintiff in error.

The Attorney General, and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.   W. M. Soderberg, plaintiff in error, here referred to as the defendant, was convicted of having illegal possession of 10 gallons of corn whisky.  By a verdict of a jury his punishment was fixed at confinement in the county jail for a period of 60 days, and to pay a fine of $200.

The facts developed by the state show that certain peace officers went to the home of the defendant with a

warrant for his arrest on a police court charge; that they found the defendant sitting in a car in front of his residence. When the purpose of the officers was made known to the defendant, he submitted to arrest, and went into the house to get his hat and coat. The officers followed him in, and found a keg and a large jar containing corn whisky which was being drawn off into small bottles. On the way to the police station the  defendant made a remark to a friend from which the inference was to be drawn that the whisky belonged to the defendant.

At the trial the defendant denied that the whisky was his, and claimed that his wife had sued him for a divorce, and that he had not been about the premises for three months until that morning, when he had gone there at the request of his wife. The defendant claims that the whisky and other evidence introduced were obtained through an un-authorized invasion of his private residence, and were therefore inadmissible.

After the defendant was legally arrested on another charge, the officers had a right to follow him into his home. Indeed, the circumstances amounted to an invitation to them to enter. While there, they saw this whisky, and had good cause to believe that he was violating the prohibitory law in their presence. The whisky seized and the evidence relating thereto, obtained as an incident to his lawful arrest, were properly admitted. Davis v. State, 30 Okla. Cr. 61, 234 P. 787, and cases cited.

It is claimed that the court erred in refusing to instruct the jury on the law of circumstantial evidence. This claim is not supported by the record. Unless the evidence is wholly circumstantial, the defendant is not entitled, as a matter of right, to such an instruction. Star v. State, 9 Okla. Cr. 210, 131 P. 542; Price v. State, 9 Okla. Cr. 359, 131 P. 1102.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.