## ALFRED DAVIS v. STATE.

No. A-9083.   Sept. 25, 1936.
Rehearing Denied Nov. 20, 1936.
(63 Pac. [2d] 112.)

John W. Blanton, for appellant.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.  Appellant, Alfred Davis, was tried and convicted on an information charging that in Garvin county on the 28th day of October, 1935, he did have in his possession about 27 pints of whisky with the unlawful intent to barter, sell, or otherwise furnish the same, the jury leaving his punishment to be fixed by the court. Motion for new trial having been overruled, he was on December 14, 1935, by the judgment of the court, sentenced to pay a fine of $250 and to confinement in the county jail for 30 days.

To reverse the judgment he appeals and assigns as error that the trial court erred in admitting incompetent evidence over the objections of the defendant and in refusing to strike such evidence, and in overruling the demurrer to the evidence at the close of the state's case.

Earl Glenn, chief of police of Wynnewood, testified that on the date alleged he saw the defendant in a car headed north at the stop sign at Commercial avenue on Main street in Wynnewood. That he told him he wanted to talk to him and defendant asked him, "Is this a shake down?" He told him "Yes," and the defendant drove on down the street. That he got in Paul Baker's car and they followed him. The defendant's car went in the ditch, and he commenced to throw bottles out of the car. That Baker arrested the defendant. That they found a case and a half of whisky in, and near by, the car.

Paul Baker testified that he was undersheriff of Garvin county; that on the date alleged he saw the defendant half a block north of the city park in Wynnewood in a car that was in the ditch and the defendant was throwing whisky out of the car; that he threw out around 20

pints; that he arrested the defendant and found 6 pints of whisky in the car and a pint on his person.

When the state rested, the defendant moved to strike all the testimony of the witnesses, for the reason that the same was obtained illegally and unlawfully, which motion was overruled. The defendant then interposed a demurrer to the evidence on the ground that it was insufficient to show that he had committed the offense charged in the information, which demurrer was overruled; the defendant then moved the court to direct the jury to render a verdict of acquittal for the reasons stated, which motion was overruled, exceptions reserved.

There was no testimony offered on the part of the defendant.

It appearing that the defendant being under lawful arrest, the officers had a right, as an incident of that arrest, to search his car and his person where they saw him violate the law.

In the case of McAdams v. State, 30 Okla. Cr. 207, 235 Pac. 241, this court held:

"Where peace officers, without a warrant, on suspicion merely, illegally attempted to arrest a person suspected of the commission of a misdemeanor (transporting whisky), and as a sequence to such attempted arrest the offense is actually committed in the presence of and to the certain knowledge of the officers, the offender, under the circumstances set out in the text, may be legally arrested without warrant for the offense so committed in the officers' presence.

"(a) As an incident to such legal arrest the person and automobile of the offender may without a warrant be searched for contraband goods."

It is the province of the jury to try the issue joined by a plea of not guilty, and, if the evidence for the state,

uncontradicted, will support a conviction, this court will not ordinarily interfere with the verdict against the defendant.

It appearing that the defendant had a fair and impartial trial, the judgment appealed from is accordingly affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.