## EDGAR M. DEAN v. STATE.

No. A-9292.   Jan. 14, 1938.
(75 P. 2d 900.)

386

Ernest F. Jenkins, for plaintff in error.

Mac Q. Williamson, Atty. Gen., and L. J. York, Co. Atty., for the State.

BAREFOOT, J. The defendant was charged by information in the county court of Payne county with the unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to pay a fine of $50 and serve a term of 30 days in jail, and has appealed.

It is contended that the court erred in overruling the motion of defendant to suppress the evidence for the reason that the officers did not have a search warrant when defendant was arrested. The facts are that defendant was residing at the home of his father about seven miles southeast of Cushing, in Payne county. The sheriff had information that certain parties, whom he had reason to believe were guilty of hijacking, were at the home of defendant's father. He, in company with his undersheriff, a deputy, and the chief of police of Cushing, went to the home of defendant's father to see if the parties wanted could be located. The sheriff went to the front door and the other officers went to each side of the house. The father of defendant recognized the sheriff and invited him

into the house, saying that they were just sitting down for supper. Just as the sheriff entered he heard the back door slam, and asked who was leaving, and the father replied: "It must have been Edgar." The officers who remained on the outside of the building saw defendant leave the house with a ten-gallon keg and he threw the same down in the road. He was immediately arrested and the sheriff opened the keg and found it contained five gallons of whisky. The officers did not go to the place with the intention of searching for liquor. They had no search warrant. They were in search of parties whom they had reason to believe had committed a felony. Methvin v. State, 60 Okla. Cr. 1, 60 P. 2d 1062; Davis v. State, 59 Okla. Cr. 26, 57 Pac. 2d 634. If the defendant had remained in the house, the officers having no search warrant would not have been permitted to search the premises and take the liquor. The defendant voluntarily left the premises taking the keg of liquor with him, and therefore committed a crime in the presence of the officers. This court has gone a long way in protecting the home from unreasonable search and seizure, but we do not think the facts in this case are such that protect this defendant. It was the home of his father, and upon being apprehended by the officers he said "he didn't want his dad getting mixed up, it wasn't his dad's liquor." After arresting the defendant, the officers searched the house but found nothing. The only ones present were the members of the family. The following cases present questions of similar import to the facts in this case: McAdams v. State, 30 Okla. Cr. 207, 235 Pac. 241; Rambo v. State, 38 Okla. Cr. 192, 259 Pac. 602; Davis v. State, 30 Okla. Cr. 61, 234 Pac. 787; Soderberg v. State, 31 Okla. Cr. 123, 237 Pac. 467; Sands v. State, 36 Okla. Cr. 55,

252 Pac. 72; Davis v. State, 60 Okla. Cr. 198, 63 P. 2d 112; State v. Ladue, 73 Mont. 535, 237 Pac. 495.

It was also contended that the court erred in instructing the jury:

"That the keeping in excess of one quart of spirituous, vinous, fermented or malt liquors shall be deemed prima facie evidence of an intent to convey, sell, or otherwise dispose of said liquor."

Counsel for defendant relies upon section 2625, Okla. Stats. 1931, Okla. St. Ann. tit. 37, p. 540, § 32, and the case of Crowdis v. State, decided by this court on May 22, 1936, and reported in 59 Okla. Cr. 297, 58 P. 2d 154, construing the same. When the Crowdis Case was called before this court attention was not called to section 3, chapter 153, Session Laws 1933, 37 Okla. St. Ann. p. 567, § 82, which provides:

"The keeping, in excess of one quart of any spirituous, vinous, fermented or malt liquors, * * * whether medicated or not, which contain more than three and two-tenths (3.2%) per cent of alcohol, measured by weight and which is capable of being used as a beverage, * * * or in any manner permitting any other person to have or keep any such liquors in or about his place of business or his residence, or any place of amusement, or recreation, or any public resort, or any club room; * * * shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors."

Since this decision was rendered, and on June 18, 1937, this court, in the case of Smith v. State, 62 Okla. Cr. 33, 69 P. 2d 671, 672, calls attention to this statute and holds:

"The term 'prima facie evidence' as used in the statute is that degree of proof, which unexplained or un-

contradicted is alone sufficient to establish the unlawful intent if it be credited by the jury."

In the case at bar the defendant had possession of a keg containing five gallons of whisky.

For the reasons above stated, the judgment of the county court of Payne county is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.