## L. P. HAMMONDS v. STATE.

No. A-9893.   Dec. 17, 1941.

(120 P. 2d 376.)

Roy White, of Eufaula, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, L. P. Hammonds, was charged in the county court of McIntosh county, on September 29, 1939, by information with the offense of unlawful transportation of intoxicating liquors, was tried, convicted, and sentenced to serve 30 days in the county jail and to pay a fine of $50, and he appeals to this court.

The only contention made by counsel for defendant in his brief is that the evidence is inadmissible because it was obtained by an illegal search of defendant's person.

The evidence offered by the state is that Carl Brady, a policeman at Eufaula, saw defendant going down the highway on September 28, 1939.   After dark the same

day Brady was on the railroad track when he saw defendant coming back down the track with a bundle under his arm, in company with another negro who had a gallon jug under his arm. Brady started towards the negroes, and defendant unscrewed the top from a half gallon jar and started pouring out whisky when he saw the officer.

Brady testified that he started after the defendant to see what his bundle was. He stated he did not intend to search him or to take him into custody. The whisky was revealed to him when he was within five feet of the defendant.

Defendant offered no testimony.

The argument of defendant's counsel is that the officer had no right to pursue and arrest the defendant upon suspicion, and that evidence obtained from such arrest is inadmissible.

This is a correct statement of the law, but the facts herein do not bring this case within that category.

According to the record, before the officer reached defendant, he committed a misdemeanor in the officer's presence by producing and breaking a half gallon jug of whisky.

In the case of McAdams v. State, 30 Okla. Cr. 207, 235 P. 241, where defendant threw whisky from his car before he was arrested or searched, but while officers admittedly were attempting to arrest him upon mere suspicion, it was held that evidence of the subsequent search was admissible against the defendant because of the misdemeanor committed in the presence of the officers.

Evidence obtained without a search warrant, upon the arrest of a defendant, is admissible if the defendant has committed a misdemeanor in the presence of the

arresting officer before any of his rights are invaded, even though the officer is attempting to make an illegal arrest at the time the misdemeanor is committed. Vinyard v. State, 37 Okla. Cr. 53, 256 P. 65; Davis v. State, 60 Okla. Cr. 198, 63 P. 2d 112.

In Brumley v. State, 60 Okla. Cr. 122, 100 P. 2d 465, in the opinion by Judge Doyle it is stated:

"Peace officers have the right to arrest without a warrant all persons who are guilty of a violation of the criminal law in their presence.

"As an incident to such legal arrest the person and automobile of the offender may without a warrant be searched for contraband goods.

"Where peace officers without a warrant, legally attempted to arrest a person suspected of the commission of a misdemeanor (transporting whisky), and as a sequence of such attempted arrest the offense is actually committed in the presence of and to the certain knowledge of the officers, the offender * * * may be legally arrested without a warrant for the offense so committed in the officers' presence."

In this case no further evidence was revealed by a search of the defendant; and the intention here with which the officer started towards defendant, under the holdings in the above cases, is immaterial. Even if the officer's purpose was to arrest and search defendant, which is not shown conclusively by the record, the commission of the misdemeanor by defendant before any of his rights were invaded nullifies the claim he could have set up to immunity from unlawful search and seizure had he been arrested and searched upon mere suspicion before committing the misdemeanor in the presence of the officer.

Finding no error in the record, this case is affirmed.

BAREOOT, P. J., and DOYLE, J., concur.