Gary Eugene FISHER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–432.

Court of Criminal Appeals of Oklahoma.

Aug. 25, 1983.

Rehearing Denied Sept. 22, 1983.

Frank R. Curbois, Fred L. Staggs, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Gary Eugene Fisher was charged and tried in the District Court of Oklahoma County, Case No. CRF–80–2262, for Possession of a Controlled Dangerous Substance with Intent to Distribute, in violation of 63 O.S.1981, § 2–401. However, the jury convicted him of the lesser included offense of Possession of a Controlled Dangerous Substance, pursuant to 63 O.S.1981, § 2–401, and sentenced him to two (2) years' imprisonment.

Two police officers from the Oklahoma City Police Department testified that they observed a car traveling northbound on Interstate 35 at a speed estimated at 100 miles per hour. The police car, traveling southbound at the time of this observation, made a U-turn and followed the speeding car. The police observed that the suspect turned left onto Wilshire Boulevard, forcing one truck to brake heavily in order to avoid a collision, passed another truck in a no passing zone and ran a four-way stop sign at Eastern Avenue. The police then engaged their emergency lights, after which the suspect allegedly turned off his lights. Moments later, the police saw "a cloud of smoke", when the appellant collided with another car. The appellant was transported to University Hospital accompanied by one of the officers. While searching for the identification which appellant was either unable to give or refused to give, the accompanying officer found in the appellant's pocket a packet which contained cocaine. The officer who remained with the wreckage searched for identification in the appellant's car. He opened the glove box inside the car and a baggie containing manilla packets of cocaine fell out.

The appellant, who testified in his own behalf, admitted that he was speeding and that he was involved in an accident. However, he denied any knowledge of the police chasing him or ownership of the cocaine.

Initially, the appellant asserts that he was denied a fair trial as a result of accumulated errors stemming from the improper admission of testimony of other crimes and the conduct of the district attorney throughout the trial. Specifically, the appellant urges that the trial court erred in its Order in Limine, that its order was violated by the State; that there was no good cause shown for bifurcation of the preliminary hearing; that the State violated the court's Discovery Order by not notifying the defense in advance of any expert witnesses and then endorsing them at a later date; that the State failed to inform the appellant that one of the officers was present at an earlier incident involving the appellant, and that such failure again constituted a violation of the Discovery Order, which required the State to release evidence favorable or exculpatory to the accused; and

that the State failed to properly preserve names of witnesses at the accident. Furthermore, the district attorney's conduct was allegedly improper during his closing remarks, which the appellant claims implied bad faith within his defense, prejudicing the jury.

We agree with the appellant that a defendant is to be convicted of the crime with which he is charged, without reference to other crimes. *Atnip v. State,* 564 P.2d 660 (Okl.Cr.1977). The appellant here believes he was convicted after reference to the fatal automobile accident. However, a review of the record reveals that there was no mention of the fatality. The trial court was correct in allowing the officers to testify about the appellant's speeding and collision, for such acts established the reasons they were pursuing the appellant and how they caught up with him. The trial court did, by its order, prohibit the State from mentioning the fatality and the State complied.

After the preliminary hearing had begun on August 5, 1980, it was continued until September 5, 1980, because one of the State's witnesses was unavailable to testify on August 5th and the assistant district attorney was leaving on vacation. Title 22 O.S.1971, § 254, requires the preliminary examination to be completed at one session unless the magistrate for good cause adjourn it. His decision is entirely discretionary. See, *Harper v. District Court of Oklahoma County,* 484 P.2d 891 (Okl.Cr.1971). Appellant has offered this Court no evidence of prejudice resulting from the continuance, and thus we conclude the magistrate did not abuse his discretion.

The appellant next claims witnesses at the trial were improperly endorsed. Specifically, the appellant objects to the endorsement of Dr. Neil Purdie, who analyzed the substances confiscated by the officers. The appellant contends the State failed to reveal the identity of its expert witness, thus violating both the Discovery Order set by the trial court and the statutes. 22 O.S.1981, § 303. However, this Court has

consistently held that a trial court may use its discretion to permit endorsement of witnesses even after the trial commenced. If the opposing party is surprised or needs more time to prepare and meet the additional testimony, that party has the responsibility to move for a postponement or continuance in which to establish the need for additional time and anticipated new evidence. Failure to do this constitutes a waiver of any error. See Syllabus by the Court, *Paschall v. State,* 252 P.2d 175 (Okl. Cr.1952).

In the present case, the appellant neither objected to the introduction of Dr. Purdie as a witness nor did he ask for a continuance or postponement to meet Purdie's testimony. Accordingly, this Court does not need to determine whether error was made where error was waived.

The assertion that the State failed to provide the appellant allegedly exculpatory evidence in violation of the Discovery Order and did not preserve names of witnesses to the accident is unsupported by argument and authority and accordingly will not be reviewed on appeal. *Medina v. State,* 606 P.2d 597 (Okl.Cr.1980).

The appellant claims he was prejudiced by remarks and actions of the prosecutor. This Court has held that there must be both error and injury attributed to such statement, and that "the burden is upon the defendant to establish he was prejudiced in his substantial rights". *Fennell v. State,* Okl.Cr., 396 P.2d 889; *Sallee v. State,* 544 P.2d 902 (Okl.Cr.1976). Furthermore, the failure of the defense to object to prejudicial remarks "so that the trial court could admonish the jury to disregard the prosecutor's statements," prevents such an issue from properly coming before this Court. See, *Cantrell v. State,* 561 P.2d 973 (Okl.Cr. 1977). *Myers v. State,* 623 P.2d 1035 (Okl. Cr.1981).

The appellant here concedes that he did not object to the remarks at the time on the grounds that such objections would only emphasize and call undue attention to the remarks in question. That tactical decision

by trial counsel has resulted in a waiver of error.

The appellant then asserts that this case should be reversed because of the accumulation of errors. However, there were no errors. Accordingly, this proposition is dismissed. See, *Smith v. State,* 550 P.2d 946 (Okl.Cr.1976).

Second, the appellant asserts the trial court erred in denying his motion to suppress the evidence. Specifically, the appellant claims the police failed to follow correct procedures and establish the purpose of the inventory of his car and, as such, the seven packets of cocaine found in the glove compartment should have been suppressed. Furthermore, the appellant asserts that the search through his pockets at the hospital clearly violated his Fourth Amendment rights. With the latter assertion we do not agree.

It is well established that where a misdemeanor is committed in the presence of an officer, that the officer may make a warrantless search incident to arrest. *Hammonds v. State,* 73 Okl.Cr. 287, 120 P.2d 376 (1941). An officer may search an arrested person "and seize anything found upon him, or in his immediate control, the possession of which is unlawful." Syllabus by the Court, *Tacker v. State,* 72 Okl.Cr. 72, 113 P.2d 394 (1941).

In the present case, the appellant was admittedly speeding. The officers caught up with him only after he collided with another car, and had grounds to arrest him at the scene for attempting to elude them. However, due to the fact he was injured, the officers transported and accompanied him (since he was under arrest) to the hospital. The problem then facing the officers was obtaining the identity of the appellant.

One of the exceptions to the general rule governing warrantless searches is that such searches may be conducted where exigent circumstances or a state of emergency exists. *Johnson v. State,* 554 P.2d 51 (Okl.Cr. 1976). The relevant test in that situation is not whether it is reasonable to obtain a warrant, but whether the search was reasonable. *Id.,* at 54. In the present case, we find exigent circumstances existed, the officer's motives for searching were reasonable, and the subsequent discovery of the contraband inadvertent.

In the instant case, the officer's purpose in searching the appellant's pockets was to find identification, which would be imperative for the doctor, patient-appellant and his family. Such a search was entirely reasonable. When he found a folded piece of paper in the suspect's pocket, it was still reasonable to assume that such a piece of paper might contain the appellant's name or some name or phone number of a person who might be able to identify the appellant. The officer at the hospital stated he only thought about finding some sort of identification and did not stop to think what else might be in the paper. The subsequent finding of the white powdery cocaine, which was introduced into court as the packet coming from the appellant's pocket, was thus clearly inadvertent.

Thus, such a search and finding is not a violation of the appellant's Fourth Amendment rights. Discovering the appellant's identity was an exigency that justified the search. Therefore, this Court finds that the search of the appellant's clothes was proper and that such evidence may be admitted into court.

Accordingly, we therefore have no need to discuss the search of the automobile and the finding of cocaine in the glove box. The appellant was charged with Possession Cocaine with Intent to Distribute, but was convicted on the lesser crime of Possession of Cocaine. The introduction of the cocaine found in his pockets is sufficient to sustain the present conviction. Therefore, the issue of whether the proper procedures were followed in the inventory search and the introduction of such evidence is redundant and will not be addressed at this time.

The judgment and sentence of the trial court is AFFIRMED.

BUSSEY, P.J., and CORNISH, J., concur.